# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| Zachary Barton and Ethan Forness<br>*Individually and on behalf of all others<br>similarly situated*<br><br>Plaintiffs,<br><br>*v.*<br><br>Lancaster Wings, Inc., Lancaster Wings<br>West LLC, Lancaster Wings West II LLC,<br>Lancaster Wings West III LLC, and Larry<br>Tipton<br><br>Defendants. | Case No. 2:2017-cv-00476-ALM-EPD<br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE ELIZABETH A.<br>PRESTON DEAVERS |

## INDEX OF EXHIBITS TO
## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED
## MOTION FOR APPROVAL OF SETTLEMENT, APPOINTMENT
## OF SETTLEMENT ADMINISTRATOR, AND APPROVAL OF SERVICE
## AWARDS, AND ATTORNEYS' FEES AND COSTS

Joint Stipulation of Settlement ........................................................................................................1

Ex. A  Class List
Ex. B  Proposed Notice of Settlement

Declaration of Douglas M. Werman ...............................................................................................2

Declaration of Michael L. Fradin...................................................................................................3

Proposed Order ...............................................................................................................................4

# EXHIBIT 1

## JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation") is made and entered into by, between, and among Zachary Barton and Ethan Forness ("Named Plaintiffs"), on behalf of themselves and others similarly situated, including Opt-in Plaintiffs, and Defendants Lancaster Wings, Inc., Lancaster Wings West LLC, Lancaster Wings West II LLC, Lancaster Wings West III LLC, and Larry Tipton ("Defendants") and is conditioned upon the Court's approval.

1.   DEFINITIONS

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another section.

(a)   "Action" means the civil action filed in the Court and captioned *Barton, et al. v. Lancaster Wings, Inc.*, *et al.,* Case No. 2:2017-cv-00476-ALM-EPD (S.D. Ohio).

(b)   "Plaintiffs' Counsel" or "Class Counsel" means Werman Salas P.C. and the Law Office of Michael L. Fradin.

(c)   "Court" means the United States District Court for the Southern District of Ohio, Eastern Division.

(d)   "Effective Date" means the date on which Court enters an Order approving the Joint Stipulation.

(e)   "Eligible Settlement Class Members" means the Named Plaintiffs, Opt-in Plaintiffs, and the servers and bartenders employed by Defendants between September 1, 2014 and April 23, 2018 that are identified in Exhibit A.

(f)   "Opt-in Plaintiffs" means the individuals who previously filed Consent to Join forms to join this Action.

(g)   "Parties" means the Named Plaintiffs, Opt-in Plaintiffs, and Defendants.

(h)   "Plaintiffs" means the Named Plaintiffs and Opt-in Plaintiffs.

(i)     "Released Parties" means Defendants and their current and former parents, subsidiaries, and affiliated corporations, including their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives.

(j)     "Settlement" shall mean the resolution of the Action as effectuated by the Joint Stipulation.

(k)     "Settlement Account" shall be a qualified settlement fund established by the Settlement Administrator (as defined below) under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, *et seq*.

(l)     "Settlement Administrator" means Rust Consulting, Inc.

(m)     "Settlement Class Participants" means the Eligible Settlement Class Members who participate in the Settlement by timely signing and cashing or otherwise negotiating their Settlement Payments.

(n)     "Settlement Fund" means the gross amount of $1,550,000, excluding the employer's share of payroll taxes, which Defendants are paying to settle the Action.

(o)     "Settlement Payments" means the amounts to be paid to Eligible Settlement Class Members from the Net Settlement Fund (defined below in this Joint Stipulation).

(p)     "Service Awards" or "Service Award" means an additional payment from the Settlement Fund to the Named Plaintiffs and to certain Opt-in Plaintiffs identified below in acknowledgment of their time and effort spent prosecuting this Action on behalf of the Eligible Settlement Class Members.

2.     <u>THIS JOINT STIPULATION IS CONTINGENT ON COURT APPROVAL</u>

If, for any reason, the material terms of this Joint Stipulation are not approved by the Court, this Joint Stipulation will be void and of no force and effect. Further, nothing from the

settlement process, including documents created or obtained through the settlement process, shall be admissible as evidence in the Action or used in any way contrary to the Parties' respective interests. If the Joint Stipulation is not approved, neither it nor any report or account thereof, nor any documents, information, or statements pertaining to the Joint Stipulation or exchanged or executed in furtherance of settlement or of this Joint Stipulation, including the identity of any Eligible Settlement Class Members, shall be construed as or offered or admitted as evidence of Defendants' liability or damages in this Action.

3.  STATEMENT OF NO ADMISSION

(a)  Although the Parties do not abandon the positions they took in the Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that this Joint Stipulation is fair, reasonable, and the best way to resolve the disputes between and among them.

(b)  Defendants deny all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief, and all other forms of relief, as well as the collective allegations asserted in the Action. Defendants further deny that this Action is appropriate for collective treatment for any purpose other than settlement. Defendants agree to resolve the Action via this Joint Stipulation, but to the extent this Joint Stipulation is deemed void, Defendants do not waive, but rather expressly reserve, all rights to challenge any and all claims and allegations asserted by the Named Plaintiffs in the Action and/or any Opt-in Plaintiff should the case proceed, upon all procedural and substantive grounds, including without limitation the ability to challenge collective-action or class action treatment on any grounds.

4.  <u>MONETARY TERMS OF SETTLEMENT</u>

(a)     To settle the Action, and in consideration for the release of claims and dismissal of the Action, Defendants will deposit the Settlement Fund of $1,550,000.00 into the Settlement Account, which will be controlled by the Settlement Administrator, and which shall be used to provide for the following: (i) Settlement Payments; (ii) Service Awards; (iii) Plaintiffs' Attorneys' Fees; (iv) Plaintiffs' Litigation Expenses; and (v) Settlement Administration Expenses.

(b)     The Settlement Fund shall not exceed $1,550,000.00, exclusive of Defendants' payment of the employer's share of applicable state and federal payroll taxes, and shall be allocated as follows, subject to Court approval:

i.     The term "Net Settlement Fund" is the amount available from the Settlement Fund for the *pro rata* Settlement Payments to Eligible Settlement Class Members and shall be the Settlement Fund minus the amounts paid to: (i) the Named Plaintiffs and certain Opt-in Plaintiffs as Service Awards; (ii) Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses; and (iii) the Settlement Administration Expenses. The amounts to be deducted from the Settlement Fund are set forth below in subparagraphs below.

ii.     Service Awards of $5,000.00 to each Named Plaintiff and Service Awards of $500.00 to each of the following opt-in plaintiffs who provided declarations in support of the claims in the Action: Christopher Cannon, Danielle Thorp, Kayla Whitcraft, Kristen Wichers, Mary Katherine Mullen, and Tyler Thorp.

iii.     A sum of no more than $516,666.67, to be paid to Class Counsel for their attorneys' fees ("Plaintiffs' Attorneys' Fees"), and an amount not to exceed $12,412.27 to be paid to Class Counsel for litigation expenses ("Plaintiffs' Litigation Expenses").

4

iv.     An amount not to exceed $14,000,00 to be paid to the Settlement Administrator for settlement administration fees and costs ("Settlement Administration Expenses") to be paid from the Settlement Fund.

(c)     Each Eligible Settlement Class Member's Settlement Payment shall be calculated as follows:

i.     For hours worked by Eligible Settlement Class Members that were paid by Defendants at the sub-minimum tip-credit wage rate from September 1, 2014 to April 23, 2018, their back wages ("Total Wages") will be calculated as follows:

[(the product of the number of hours worked at a sub-minimum, tip-credit wage rate by each employee * applicable minimum wage) – (the product of the number of hours worked at a sub-minimum, tip-credit wage rate by each employee * the sub-minimum tip-credit wage rate the employee was paid)].

ii.     Each Eligible Settlement Class Member's Total Wages shall be divided by the sum of all Eligible Settlement Class Members' Total Wages. The quotient shall represent each Eligible Settlement Class Member's "Pro Rata Factor." Exhibit A identifies each Eligible Settlement Class Member and his or her Pro Rata Factor amount.

iii.     All Eligible Settlement Class Members shall be eligible to receive a minimum Settlement Payment of $50.00 ("Minimum Settlement Payment").

iv.     Each Eligible Settlement Class Member's Settlement Payment shall be computed as follows:

(1)     Each Eligible Settlement Class Member's Pro Rata Factor will be multiplied by the Net Settlement Fund. The result will be referred to herein as "Preliminary Settlement Award."

5

(2)    If an Eligible Settlement Class Member's Preliminary Settlement Award is less than $50.00, the Eligible Settlement Class Member's Settlement Payment will be increased to the Minimum Settlement Payment of $50.00.

(3)    All Minimum Settlement Payments shall be subtracted from the Net Settlement Fund, which shall yield the "Adjusted Net Settlement Fund." Each Eligible Settlement Class Member whose Preliminary Settlement Award exceeds $50.00 will have his or her Pro Rata Factor recalculated, omitting data from all Minimum Settlement Payment recipients. Their Total Wages shall be divided by the sum of all Eligible Settlement Class Members' Total Wages whose Preliminary Settlement Award exceeds $50.00. The quotient will be referred to as the "Adjusted Pro Rata Factor." The Settlement Payment for each Eligible Settlement Class Member whose Settlement Award exceeds $50.00 shall be computed by multiplying his or her Adjusted Pro Rata Factor by the Adjusted Net Settlement Fund. If, after the computations described in this paragraph are performed, any Eligible Settlement Class Member's Settlement Award is less than $50.00, the calculations described Section in 4(d)(v) will be repeated so that each Eligible Settlement Class Member is eligible to receive a minimum Settlement Payment of $50.00. Each Eligible Settlement Class Settlement Payment amount is shown in Exhibit A.

(d)    The Settlement Administrator shall issue one check for each Settlement Payment allocated as follows:

i.    One-half of each Settlement Payment will represent wages. Regular employee payroll deductions shall be taken out of this portion of each Eligible Settlement Class Member's Settlement Payment as determined by the Settlement Administrator. Federal tax on that amount will be withheld for all Eligible Settlement Class Members based upon a flat

6

withholding rate, which is reasonable and customary in accordance with Treas. Reg. 31.3402(g)-1(a)(2), and as is calculated by the Settlement Administrator. State tax will be withheld according to applicable state withholding requirements. The Settlement Administrator shall issue each Settlement Class Participant an IRS Form W-2 for this portion of the Settlement Payment for the year in which it is paid.

ii.     One-half of each Settlement Payment will represent liquidated damages. Payroll deductions and income taxes shall not be taken from this portion of each Eligible Settlement Class Member's Settlement Payment and shall be treated as non-wage income. The Service Awards for the Named Plaintiff and Opt-in Plaintiffs who receive them shall likewise be treated as non-wage income. The Settlement Administrator shall issue each Settlement Class Participant an IRS Form 1099, if required by the IRS, for the liquidated damages portion of his or her Settlement Payment. The Settlement Administrator shall also issue the Named Plaintiffs and the Opt-in Plaintiffs who receive Service Awards, as identified in subsection 4(b)(ii), above, an IRS Form 1099 for their Service Awards, if required by the IRS.

(e)     Defendants shall be responsible for payment of the employer's portion of all applicable payroll taxes for each Settlement Payment made pursuant to Section 4(e)(i).  Other than the withholding and reporting requirements herein, Settlement Class Participants shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Joint Stipulation.

(f)     To the extent permitted by law, in no event shall any Settlement Payment or Service Award create any credit or otherwise affect the calculation of or eligibility for any compensation, bonus, deferred compensation or benefit under any compensation, deferred compensation, pension or other benefit plan, nor shall any such Settlement Payment or Service

7

Award be considered as "compensation" under any pension, retirement, profit sharing, incentive or deferred compensation benefit or plan, nor shall any such payment or award require any contribution or award under any such plan, or otherwise modify any benefits, contributions or coverage under any other employment compensation or benefit plan or program.

5.  <u>RELEASE OF CLAIMS</u>

(a)  The back of each Settlement Payment check will contain the following release of claims:

> By signing and cashing or otherwise negotiating this check, I agree to join the lawsuit *Barton v. Lancaster Wings, Inc.*, (Case No. 2:2017-cv-00476-ALM-EPD) (N.D. Ohio) (the "Action") and release all claims or causes of action I have against the Released Parties in the Action from September 1, 2014 until April 23, 2018 for unpaid minimum and overtime wages that were asserted in the Action, or that arise out of facts asserted in the Action, including minimum and overtime wage claims under the Fair Labor Standards Act and parallel state law, and including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest.

(b)  Eligible Settlement Class Members who do not timely sign and cash or otherwise negotiate their Settlement Payment checks will not release any claims, however the claims of Opt-in Plaintiffs will be dismissed with prejudice once this Court's dismissal converts to a dismissal with prejudice regardless of whether they timely sign and cash or otherwise negotiate their Settlement Payment checks.

(c)  In exchange for their Service Awards, following the Court's approval of this Settlement Agreement, the Named Plaintiffs and Opt-In Plaintiffs who receive Service Awards shall release and discharge the Released Parties from:

> i.  all claims raised or which could have been raised in the Action;

8

ii. all claims, actions, causes of action, class allegations, demands, damages, costs, liabilities, debts, obligations, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered or related to, or in any way growing out of their employment with, treatment at, wages from, or separation of employment from Defendants or the Released Parties;

iii. all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the National Labor Relations Act, as amended, the Equal Pay Act, the Fair Labor Standards Act, as amended, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, as amended, and any other Federal, State, or municipal statute, order, regulation, or ordinance on account of, or any damages or injury related to or in any way growing out of their employment with, treatment at, compensation from, or separation of employment from Defendants or the Released Parties; and

iv. all claims arising under common law, including, but not limited to, tort claims or breach of contract claims (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any damages or injury related to or in any way growing out of their employment with, treatment at, compensation from, or separation of employment from Defendants or the Released Parties.

6. <u>ATTORNEYS' FEES AND EXPENSES AND NAMED PLAINTIFFS' AND CERTAIN OPT-IN PLAINTIFFS' SERVICE AWARDS</u>

(a) Class Counsel may make an application or applications to the Court for an award of Plaintiffs' Attorneys' Fees and an award of Plaintiffs' Litigation Expenses. Such application or applications shall be filed in connection with the Motion for Approval of the Joint Stipulation.

9

Defendants will not oppose any such application for fees or costs provided that Class Counsel do not seek to recover attorneys' fees and/or litigation expenses in excess of those set forth above.

(b)     Plaintiffs and Class Counsel understand and agree that Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses will be the full, final, and complete payment of all attorneys' fees and costs arising from and/or relating to the representation of the Named Plaintiff, Opt-in Plaintiffs, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the Action. As an inducement to Defendants to enter into this Joint Stipulation, and as a material condition thereof, Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendants or the Released Parties for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Joint Stipulation. As a further inducement to Defendants to enter into this Joint Stipulation, and as a material condition thereof, Plaintiffs and Class Counsel further understand and agree that the fee and cost payments made pursuant to this Section to Class Counsel for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses, will be the full, final, and complete payment of all attorney's fees and costs that are released, acquitted, or discharged pursuant to this Joint Stipulation. Furthermore, Plaintiffs and Class Counsel represent and warrant that no attorney, other than Class Counsel, has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Action, and that the terms of this Joint Stipulation shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Action. Nothing in this Section shall preclude Plaintiffs from appealing the amounts allocated to Class Counsel for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses should the sum awarded by the Court fall below the amount described in Section 4(b)(iv) of this Joint Stipulation. If Class Counsel elects

10

not to appeal or if the Court of Appeals affirms the decision, only the reduced amounts will be deemed to be Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses for purposes of this Joint Stipulation. Any remaining or reduced amounts shall be added to the Net Settlement Fund available for distribution to Settlement Class Members.

(c)     All of Defendants' own legal fees, costs and expenses incurred in this Action shall be borne by Defendants.

(d)     Class Counsel may apply for $5,000 Service Awards for each the Named Plaintiffs in acknowledgment of their time and effort spent prosecuting this Action on behalf of Settlement Class Members, including conferring with Class Counsel, providing declarations, participating in a private mediation of the Action, and in recovering wages on behalf of all Eligible Settlement Class Members. Class Counsel may also apply for Service Awards of $500.00 each for the following Opt-in Plaintiffs who provided declarations to support the claims in the Action: Christopher Cannon, Danielle Thorp, Kayla Whitcraft, Kristen Wichers, Mary Katherine Mullen, and Tyler Thorp. The Service Awards shall be paid from the Settlement Fund. Defendants agree not to oppose such applications, so long as they are consistent with the provisions of this Joint Stipulation.

7.    <u>SETTLEMENT TIMELINE</u>

The Parties agree to follow the following timeline for the completion of the Settlement and dismissal of the Action:

(a)     <u>Settlement Approval</u>: Plaintiffs shall draft and file an Unopposed Motion for Settlement Approval as soon as possible.

(b)     <u>Production of Class Data</u>: No later than fourteen (14) days after the Effective Date, Class Counsel shall provide the Settlement Administrator with the last known addresses,

11

social security numbers, and state of work location for all Settlement Class Members identified in Exhibit A.

(c)     Payment of Total Settlement Payment: No later than thirty (30) days after the Effective Date, Defendants will deposit the Settlement Fund of $1,550,000.00 into the Settlement Account.

(d)     Payment of the Employer Share of Payroll Taxes: No later than fourteen (14) days after the Effective Date, the Settlement Administrator shall determine the employer's share of payroll employment taxes on Settlement Payments to Settlement Class Members, and shall communicate such amount to the Parties with a detailed explanation of the calculations. In the event of any dispute as to the calculation of employer's share of payroll taxes, the Parties and Settlement Administrator shall meet and confer in good faith in an attempt to resolve the dispute. If the dispute cannot be resolved, it shall be submitted to the Court for a final determination. Within fourteen (14) calendar days of the date the Settlement Administrator notifies Defendants of the amount of the employer's share of payroll taxes or, in the event of a dispute, within seven (7) calendar days after the dispute is finally resolved, Defendants will deposit the employer's share of applicable payroll taxes into the Settlement Account. The Settlement Administrator shall thereafter remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities on a timely basis pursuant to its duties and undertakings. Defendants agree to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Section.

(e)     Update of Eligible Settlement Class Members' Addresses: If requested by Class Counsel, the Settlement Administrator will run all the social security numbers and names

through the National Change of Address ("NCOA") Database, or a comparable database, to obtain updated addresses for the Eligible Settlement Class Members.

(f)    <u>Issuance of Settlement Payments, Service Awards and Class Counsel's Fees and Expenses</u>: The Settlement Administrator shall make the following payments:

i.    Within ten (10) days of receiving both the Settlement Fund and the employer's share of payroll employment taxes on Settlement Payments, the Settlement Administrator shall deliver Settlement Payments via First Class U.S. Mail to each Eligible Settlement Class Member for his or her ratable share of the Settlement Fund as computed in Section 4(d) of this Joint Stipulation. The Settlement Payment checks shall be negotiable by Eligible Settlement Class Members for 150 days from the date they were mailed by the Settlement Administrator. The Settlement Administrator shall include the cover letter, attached as Exhibit B ("Settlement Notice"), with each check to each Eligible Settlement Class Member that briefly explains why the Settlement Class Member is receiving a Settlement Payment. The face of each check shall clearly state that the check must be cashed within 150 days of the postmark date on the envelope containing the check. Envelopes containing a Settlement Payment shall be marked on its face with the words "Buffalo Wild Wings Wage Settlement."

ii.    Within seven (7) days of receiving both the Settlement Fund and the employer's share of payroll employment taxes on Settlement Payments, the Settlement Administrator shall deliver the Named Plaintiffs' Settlement Payments and Service Awards to Class Counsel.

iii.    Within seven (7) days of receiving the Settlement Fund, the Settlement Administrator shall wire Class Counsel's award for Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses to Class Counsel as Class Counsel directs.

13

iv. If any Settlement Payment check is returned to the Settlement Administrator as undeliverable with a forwarding address, the Settlement Administrator will forward the Settlement Payment to the forwarding address. If any Settlement Payment is returned to the Settlement Administrator as undeliverable without a forwarding address, the Settlement Administrator will run a new search of the social security number and name through available databases, such as Accurint, and will forward the Settlement Payment to the new address obtained in this manner, if any. The Settlement Administrator will provide Class Counsel with the names and contact information for any Eligible Settlement Class Member whose check is returned as undeliverable.

v. Within fourteen (14) days of sending the Settlement Payments, as described in Section 7(f)(i) above, the Settlement Administrator shall provide to Defendants and Class Counsel a list, in Excel format, of the names of all Eligible Settlement Class Members including for each: (i) the amount of the individual's Settlement Payment; (ii) the amount of the Settlement Payment attributed to wages; and (iii) the amount of the Settlement Payment attributed to liquidated damages.

Within fourteen (14) days of the expiration of the 150-day check cashing period, the Settlement Administrator shall provide to Defendants and Class Counsel scanned copies of the negotiated Settlement Payment checks.

vi. No later than 14 days after expiration of the 150-day check cashing period, for any amounts that remain in the Settlement Account, 25 percent of those funds shall be delivered to the National Employment Law Project and the remaining 75 percent shall be returned to Defendants by the Settlement Administrator. The Settlement Administrator shall also return to Defendants the amounts that represent the employer share of payroll taxes no later than

14

fourteen (14) days after the expiration of the 150-day check cashing period. No tax reporting forms will be issued to or for any Eligible Settlement Class Member who did not negotiate his or her Settlement Payment.

8.    MUTUAL FULL COOPERATION

The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Joint Stipulation, and exercise good-faith efforts to accomplish the terms and conditions of this Joint Stipulation. The Parties further agree that it is their mutual goal to maximize the number of Eligible Settlement Class Members who participate in the Settlement.

9.    CONSTRUCTION

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between and among the Parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Joint Stipulation.

10.    INTEGRATION

This Joint Stipulation contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  There are no undisclosed side agreements between the Parties or their counsel. No rights hereunder may be waived except in writing.

11.    BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15

12.    MODIFICATION

This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Joint Stipulation may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

13.    APPLICABLE LAW

The terms of this Joint Stipulation shall be governed by and construed in accordance with Ohio law.

14.    RETENTION OF JURISDICTION

The Court shall retain exclusive jurisdiction with respect to the implementation and enforcement of the terms of this Joint Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Joint Stipulation.

15.    COUNTERPARTS

This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Signatures transmitted by facsimile or by electronic mail (using portable document format) shall have the same effect as an original ink signature.

16.    PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

16

DocuSign Envelope ID: 0061D8B2-6C90-4CAC-A914-6BF8C2F9D828

17.    <u>MEDIATOR'S AUTHORITY TO RESOLVE DISAGREEMENTS</u>

If the Parties disagree over the meaning of any of the terms in this Joint Stipulation or the terms in the previously executed Memorandum of Agreement, or the negotiation of, compliance, or implementation of such terms, and cannot resolve such disagreement themselves, they agree to promptly submit the issue to mediation with the mediator who facilitated this Settlement. The mediator will have authority to make a binding determination to resolve the disagreement.

18.    <u>ATTORNEYS' FEES FOR BREACH</u>

Other than disagreements covered by Paragraph 17 above, if either Party breaches any of the terms and conditions of this Joint Stipulation, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained in this Joint Stipulation.

Date: June 15, 2018 _____     By: _____

                                              Zachary Barton

Date: _____

                                              Ethan Forness

*On behalf of themselves, Opt-in Plaintiffs, and Eligible Settlement Class Members*

Date: 6-15-18 _____     By: _____

                                              One of Defendants' Attorneys

                                              Steven E. Seasly (0070536)
                                              sseasly@hahnlaw.com
                                              Kara D. Williams (0084245)
                                              kwilliams@hahnlaw.com
                                              HAHN LOESER + PARKS LLP
                                              200 Public Square, Suite 2800
                                              Cleveland, Ohio 44114-2316
                                              Phone: 216.621.0150
                                              Fax: 216.241.2824
                                              *On behalf of Defendants*

DocuSign Envelope ID: 914B7A91-E707-4F31-B1F4-8EDAEA145560

17.     **MEDIATOR'S AUTHORITY TO RESOLVE DISAGREEMENTS**

If the Parties disagree over the meaning of any of the terms in this Joint Stipulation or the terms in the previously executed Memorandum of Agreement, or the negotiation of, compliance, or implementation of such terms, and cannot resolve such disagreement themselves, they agree to promptly submit the issue to mediation with the mediator who facilitated this Settlement. The mediator will have authority to make a binding determination to resolve the disagreement.

18.     **ATTORNEYS' FEES FOR BREACH**

Other than disagreements covered by Paragraph 17 above, if either Party breaches any of the terms and conditions of this Joint Stipulation, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained in this Joint Stipulation.

Date:_____          By: _____
                                 Zachary Barton

Date: June 15, 2018              _____
                                 Ethan Forness

                                 *On behalf of themselves, Opt-in Plaintiffs, and Eligible Settlement Class Members*

Date: 6-15-18              By: _____
                                 One of Defendants' Attorneys

                                 Steven E. Seasly (0070536)
                                 sseasly@hahnlaw.com
                                 Kara D. Williams (0084245)
                                 kwilliams@hahnlaw.com
                                 HAHN LOESER + PARKS LLP
                                 200 Public Square, Suite 2800
                                 Cleveland, Ohio 44114-2316
                                 Phone: 216.621.0150
                                 Fax: 216.241.2824
                                 *On behalf of Defendants*

17

# EXHIBIT A

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 1 | Abrams, Trey | $ 110.66 | |
| 2 | Acord, Megan | $ 50.00 | |
| 3 | Acquaviva, Toni | $ 3,534.64 | |
| 4 | Adams, Andrea | $ 1,775.79 | |
| 5 | Adams, Cassidy | $ 1,094.64 | |
| 6 | Adams, Gianna | $ 508.01 | |
| 7 | Adams, Hannah | $ 837.12 | |
| 8 | Addy, Maggie | $ 66.36 | |
| 9 | Adkins, Lauren | $ 196.71 | |
| 10 | Aguirre, Adriana E | $ 190.11 | |
| 11 | Aker, Amanda | $ 535.85 | |
| 12 | Al Harbi, Mohammed | $ 360.65 | |
| 13 | Ali Romero, Brandi | $ 742.70 | |
| 14 | Allen, Derrick | $ 157.16 | |
| 15 | Allen, Devon | $ 447.91 | |
| 16 | Allen, Jacqui | $ 542.07 | |
| 17 | Allen, Jamar | $ 180.68 | |
| 18 | Allen, Mckenzie | $ 93.07 | |
| 19 | Allen, Taylor | $ 412.10 | |
| 20 | Allen, Tera | $ 594.02 | |
| 21 | Altier, Emily | $ 245.81 | |
| 22 | Alvarez, Alexis | $ 1,488.16 | |
| 23 | Anagnostelis, Kara | $ 50.00 | |
| 24 | Anderson, heather | $ 76.26 | |
| 25 | Anderson, Jessica | $ 50.00 | |
| 26 | Anderson, Mallory | $ 160.53 | |
| 27 | Anderson, Margaret | $ 755.34 | |
| 28 | Anderson, Maryellen | $ 1,683.36 | |
| 29 | Andrews, Grace | $ 365.65 | |
| 30 | Andy, Echo | $ 66.23 | |
| 31 | Angeletti, Danie | $ 94.47 | |
| 32 | Anthony, Lynzi | $ 118.33 | |
| 33 | Antonetti, Justin | $ 492.17 | |
| 34 | Antonetz, Andrea | $ 475.20 | |
| 35 | Aponte, Danielle | $ 390.89 | |
| 36 | Applegate, Amber | $ 2,285.90 | |
| 37 | Aragon, Eulelah | $ 65.09 | |
| 38 | Archinal, Kaleigh | $ 348.12 | |
| 39 | Armstrong, Kasey | $ 339.00 | |
| 40 | Arnold, Ashley | $ 2,371.73 | |
| 41 | Arnott, Kristen | $ 317.29 | |
| 42 | Artiguez, Lisa | $ 1,320.51 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 43 | Ashton, Tasha | $ 233.15 | |
| 44 | Athey, Ciera | $ 193.66 | |
| 45 | Aucreman, Sydney | $ 50.00 | |
| 46 | Avery, jonathon | $ 328.76 | |
| 47 | Aydinoglu, Asena | $ 555.38 | |
| 48 | Ayers, Eliza | $ 76.48 | |
| 49 | Babet, Jack | $ 188.51 | |
| 50 | Bagwell, Angela | $ 391.77 | |
| 51 | Bailey, Heaven | $ 1,533.08 | |
| 52 | Baker, Amanda | $ 569.89 | |
| 53 | Balesano, Kaitlin | $ 1,591.69 | |
| 54 | Ballard, Chantelle | $ 932.61 | |
| 55 | Barber, Andrew | $ 2,543.15 | |
| 56 | Barcus, Destiny | $ 50.00 | |
| 57 | Barksdale, Melissa | $ 161.50 | |
| 58 | Barnes, Savannah | $ 914.66 | |
| 59 | Barnes, Saveah | $ 445.77 | |
| 60 | Barnes, Sophia | $ 1,262.28 | |
| 61 | Barnhart, Alexandria | $ 2,709.90 | |
| 62 | Barrett, Lindsey | $ 680.37 | |
| 63 | Barrick, Sydney | $ 1,558.40 | |
| 64 | Bartell, Milena | $ 638.65 | |
| 65 | Bartimus, Alexa | $ 61.34 | |
| 66 | Barton, Zachary | $ 2,320.45 | $ 5,000.00 |
| 67 | Bass, Savannah | $ 1,294.78 | |
| 68 | Bateman, Shelby | $ 176.38 | |
| 69 | Baucco, Anthony M | $ 112.36 | |
| 70 | Bauer, Julie | $ 207.20 | |
| 71 | Baughman, Christophe | $ 1,727.98 | |
| 72 | Baxter, Shelby | $ 50.00 | |
| 73 | Bean, Kaiyah | $ 50.00 | |
| 74 | Beasley, Kassandra | $ 65.27 | |
| 75 | Beatty, Lauren | $ 50.00 | |
| 76 | Beavers, Sarah | $ 3,697.51 | |
| 77 | Beer, Kayla J | $ 50.00 | |
| 78 | Bell, Zakary | $ 111.34 | |
| 79 | Bennett, Sabra | $ 145.11 | |
| 80 | Bennett, Stacy A | $ 426.26 | |
| 81 | Bentley, Tricia | $ 50.00 | |
| 82 | Beougher, Elissa | $ 1,059.70 | |
| 83 | Berg, Vanessa | $ 325.62 | |
| 84 | Berndt, Taylor N | $ 163.78 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 85 | Bickmeyer, Brittany | $ 50.00 | |
| 86 | Bigham, Tabitha | $ 242.44 | |
| 87 | Bilyk, Jamie | $ 105.31 | |
| 88 | Bishop, Samantha | $ 2,250.09 | |
| 89 | Bjorck, Andreas | $ 415.73 | |
| 90 | Black, Karissa | $ 50.00 | |
| 91 | Black, Timothy | $ 257.28 | |
| 92 | Blakesley, Elizabeth | $ 2,643.90 | |
| 93 | Blanchard, Hallie C | $ 58.66 | |
| 94 | Blankenship, Jeneveve | $ 589.95 | |
| 95 | Blankenship, Stephenee | $ 59.60 | |
| 96 | Blanton, Ashlee | $ 1,222.85 | |
| 97 | Bleazard, Jay | $ 50.00 | |
| 98 | Block, Staphany | $ 439.91 | |
| 99 | Blossom, Dyllan | $ 53.63 | |
| 100 | Blum, Katherine A | $ 1,513.63 | |
| 101 | Bogantz, Bethany | $ 298.65 | |
| 102 | Bogantz, Heather | $ 161.68 | |
| 103 | Boggess, Jessica L | $ 378.41 | |
| 104 | Bogo, Ashton | $ 1,179.36 | |
| 105 | Bold, Caleb | $ 50.00 | |
| 106 | Bolden, Alexandrea L | $ 52.35 | |
| 107 | Bollinger, Brandon | $ 574.23 | |
| 108 | Bollinger, mary | $ 751.84 | |
| 109 | Borrowman, Olivia | $ 280.53 | |
| 110 | Bova, Ann C | $ 56.26 | |
| 111 | Bowe, elka | $ 153.98 | |
| 112 | Boyd, adam | $ 50.00 | |
| 113 | Boyer, Jacob | $ 4,111.95 | |
| 114 | Bradford, Sarah | $ 1,178.60 | |
| 115 | Bradner, Briana | $ 259.24 | |
| 116 | Brasseur, Kera | $ 2,242.29 | |
| 117 | Brett, Kaitlin | $ 945.49 | |
| 118 | Brewer, Kayla | $ 50.00 | |
| 119 | Bridgman, Frances | $ 1,195.65 | |
| 120 | Brink, Amber | $ 1,489.53 | |
| 121 | Brisco, landon | $ 50.00 | |
| 122 | Britford, Janet | $ 277.81 | |
| 123 | Brooks, Brittany | $ 997.18 | |
| 124 | Brooks, Charles | $ 1,129.35 | |
| 125 | Brown Barnett, Ingram D | $ 68.83 | |
| 126 | Brown, Ashley | $ 522.45 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 127 | Brown, Brittany | $ 1,333.78 | |
| 128 | Brown, Dakota | $ 317.99 | |
| 129 | Brown, Johnnea | $ 227.20 | |
| 130 | Brown, Jonathon | $ 223.90 | |
| 131 | Brown, Joseph | $ 2,194.13 | |
| 132 | Brown, Kara | $ 342.02 | |
| 133 | Brown, Kassidy | $ 1,837.50 | |
| 134 | Brown, Kyrhee | $ 148.46 | |
| 135 | Brown, Larenz | $ 162.69 | |
| 136 | Brown, Lexi | $ 50.00 | |
| 137 | Brown, Sierra | $ 283.46 | |
| 138 | Brown, Zachary | $ 111.49 | |
| 139 | Bruzzese, Brandy | $ 832.99 | |
| 140 | Bryan, William Bl | $ 1,329.65 | |
| 141 | Bryant, Jennifer | $ 6,632.43 | |
| 142 | Buccilla, Casey | $ 3,867.49 | |
| 143 | Budday, Michelle | $ 273.49 | |
| 144 | Burger, Cassidy | $ 4,649.96 | |
| 145 | Burgett, Erin | $ 152.31 | |
| 146 | Burke, Ashley | $ 50.00 | |
| 147 | Burkhart, Sidney | $ 226.07 | |
| 148 | Burks, Brea | $ 1,892.91 | |
| 149 | Burleson, Jennifer | $ 253.39 | |
| 150 | Burnside, Kory | $ 108.26 | |
| 151 | Burton, Makinze | $ 395.84 | |
| 152 | Buta, Alicia | $ 50.00 | |
| 153 | Butler, Brooke | $ 5,343.67 | |
| 154 | Butler, Jaclyn | $ 2,305.10 | |
| 155 | Byrd, Makala | $ 6,933.39 | |
| 156 | Caballero, Elijah | $ 1,723.96 | |
| 157 | Caines, Trevor | $ 271.14 | |
| 158 | Calabretta, Emily | $ 2,712.39 | |
| 159 | Calahan, Christophe | $ 324.71 | |
| 160 | Caldwell, Jackson | $ 717.53 | |
| 161 | Callihan, Kaley | $ 62.64 | |
| 162 | Calton, Kayla | $ 744.88 | |
| 163 | Campbell, Jeremy | $ 2,134.43 | |
| 164 | Camper, Briana | $ 50.00 | |
| 165 | Cannon, Christophe | $ 4,107.66 | $ 500.00 |
| 166 | Cannon, Constance | $ 219.08 | |
| 167 | Canter, Jana | $ 201.42 | |
| 168 | Caraffa, Alexis | $ 247.32 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|-----------------|---------------|
| 169 | Carlson, Melissa | $ 277.02 | |
| 170 | Carman, Brittany | $ 50.00 | |
| 171 | Carpenter, Charlene | $ 1,436.21 | |
| 172 | Carr, Laglennda | $ 137.00 | |
| 173 | Carson, Susan | $ 302.01 | |
| 174 | Carter, David | $ 334.54 | |
| 175 | Carter, Hailey | $ 2,010.61 | |
| 176 | Casey, Aaron | $ 1,422.73 | |
| 177 | Caskey, Christine | $ 85.40 | |
| 178 | Caskey, Matthew | $ 223.71 | |
| 179 | Cassells, Laquisha | $ 186.91 | |
| 180 | Cassidy, Breanna | $ 50.00 | |
| 181 | Castro, Irwin | $ 171.06 | |
| 182 | Castro, Olivia | $ 703.03 | |
| 183 | Cataneda, Abbigayle | $ 252.89 | |
| 184 | Cave, Christina | $ 296.57 | |
| 185 | Caveney, Tara | $ 528.70 | |
| 186 | Champer, Amberly | $ 670.48 | |
| 187 | Channel, Sierra | $ 631.02 | |
| 188 | Chapin, Amanda | $ 50.00 | |
| 189 | Chaplin, Delaney | $ 263.37 | |
| 190 | Charles, Tiffanee | $ 685.90 | |
| 191 | Cheeseman, Hayley | $ 2,833.26 | |
| 192 | Cheeseman, Lillie | $ 5,761.14 | |
| 193 | Chestnut, Jenifer | $ 2,269.12 | |
| 194 | Chowpradith, Sarah | $ 488.26 | |
| 195 | Chrisman, Amber | $ 50.00 | |
| 196 | Christmas, Emily | $ 1,460.79 | |
| 197 | Christofferson, Kelcie | $ 221.51 | |
| 198 | Clark, Alicia | $ 50.00 | |
| 199 | Clark, Justin | $ 50.00 | |
| 200 | Claybourn, Courtney E | $ 2,777.07 | |
| 201 | Clemons, Victoria | $ 50.00 | |
| 202 | Clouse, Sabrina | $ 561.46 | |
| 203 | Clouston, Alisha | $ 528.61 | |
| 204 | Clyburn, Cody | $ 286.45 | |
| 205 | Codeluppi, Sunshine | $ 729.55 | |
| 206 | Cohen, Jacqueline | $ 107.74 | |
| 207 | Cohen, Makenzie | $ 233.13 | |
| 208 | Coie, robert | $ 50.00 | |
| 209 | Cole, Shereas | $ 733.86 | |
| 210 | Coleman, Carl | $ 189.16 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|-----------------:|---------------|
| 211 | Coleman, Dawn | $ 1,654.00 | |
| 212 | Coleman, Karla | $ 935.53 | |
| 213 | Coleman, Tiffany | $ 143.11 | |
| 214 | Coler, Josie | $ 271.63 | |
| 215 | Collings, Shannon | $ 2,282.89 | |
| 216 | Collins, gregory | $ 58.29 | |
| 217 | Colon, Jada | $ 523.62 | |
| 218 | Conkel, Grant | $ 321.68 | |
| 219 | Conkel, Meredith | $ 2,546.19 | |
| 220 | Connor, Catherine A | $ 1,190.06 | |
| 221 | Conrad, Alex | $ 93.17 | |
| 222 | Contner, shane | $ 151.77 | |
| 223 | Cooperrider, Cory | $ 78.65 | |
| 224 | Cope, Amy | $ 2,827.27 | |
| 225 | Craig, Aleesha M | $ 50.00 | |
| 226 | Craig, Emilee | $ 716.47 | |
| 227 | Crandall, Corey | $ 724.98 | |
| 228 | Crane, Amanda | $ 987.84 | |
| 229 | Crawford, Kristy | $ 2,351.67 | |
| 230 | Crilley, Megan | $ 113.49 | |
| 231 | Crislip, Emma M | $ 59.09 | |
| 232 | Croker, Stephanie | $ 105.72 | |
| 233 | Culp, Natalie | $ 50.00 | |
| 234 | Cunningham, Carley | $ 645.94 | |
| 235 | Currence, Benjamin | $ 125.18 | |
| 236 | Currens, Erica | $ 192.20 | |
| 237 | Dallas, Kaitlin | $ 288.36 | |
| 238 | Dalsing, Hannah | $ 426.42 | |
| 239 | Dalton, Shantel | $ 186.88 | |
| 240 | Daman, Penni | $ 50.00 | |
| 241 | Dancey, Lydia | $ 609.36 | |
| 242 | Dane, Mikayla | $ 175.09 | |
| 243 | Darfus, Ashley | $ 50.08 | |
| 244 | Davenport, Mindy | $ 617.01 | |
| 245 | Davidson, Joshua | $ 2,578.38 | |
| 246 | Davidson, Karly | $ 328.72 | |
| 247 | Davis, Alexander | $ 50.00 | |
| 248 | Davis, Andrea | $ 614.32 | |
| 249 | Davis, Ashley | $ 189.96 | |
| 250 | Davis, Christina | $ 1,103.01 | |
| 251 | Davis, Crystal | $ 182.23 | |
| 252 | Davis, Samantha J | $ 422.18 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 253 | Davis, Sherri | $ 5,825.14 | |
| 254 | Day, Mckenna | $ 88.47 | |
| 255 | Daymude, Morgan | $ 193.22 | |
| 256 | Dayton, Chris | $ 77.04 | |
| 257 | De Mello, Marissa | $ 509.59 | |
| 258 | Deal, Harry | $ 665.65 | |
| 259 | Dean, Matthew | $ 523.30 | |
| 260 | Deboard, Samantha | $ 50.36 | |
| 261 | Decker, Ashley | $ 627.67 | |
| 262 | Delaney, Roni | $ 50.00 | |
| 263 | Delatorre, Valerie | $ 281.08 | |
| 264 | Dell, John P | $ 89.53 | |
| 265 | Delsignore, Daniel | $ 548.43 | |
| 266 | Den Braber, Carly | $ 598.29 | |
| 267 | Den Braber, Courtney | $ 195.61 | |
| 268 | Denhart, Max T | $ 1,688.61 | |
| 269 | Dennis, Brittany | $ 50.00 | |
| 270 | Dennis, Miranda | $ 881.06 | |
| 271 | Derr, Katie | $ 144.52 | |
| 272 | Detty-Houser, Cara | $ 158.26 | |
| 273 | Devore, Katelyn | $ 50.00 | |
| 274 | Diamond, Brittney | $ 2,547.75 | |
| 275 | Dingman, Bianca | $ 95.13 | |
| 276 | Dinsmore, Jackie | $ 2,546.98 | |
| 277 | Distelzweig, Amy J | $ 486.15 | |
| 278 | Divelbliss, Aaron | $ 1,301.12 | |
| 279 | Dixon, Rebecca | $ 50.00 | |
| 280 | Dixon, Tiffany | $ 6,744.55 | |
| 281 | Dombroski, Sarah | $ 1,886.50 | |
| 282 | Doone, Justin | $ 52.03 | |
| 283 | Doran, Courtney | $ 665.06 | |
| 284 | Doran, Elizabeth | $ 637.14 | |
| 285 | Dorland, Dayne | $ 1,822.92 | |
| 286 | Dorwart, Olexa | $ 111.42 | |
| 287 | Doseck, Katrina | $ 184.37 | |
| 288 | Doss, Kaitlyn | $ 2,233.11 | |
| 289 | Doss, Kortney | $ 2,605.24 | |
| 290 | Downs, Jordan | $ 526.82 | |
| 291 | Drachman, Genevieve | $ 102.72 | |
| 292 | Ducceschi, Sarah | $ 281.83 | |
| 293 | Due, Alexa | $ 613.39 | |
| 294 | Duffy, Breechelle | $ 152.21 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 295 | Dunaway, Crystal | $ 151.80 | |
| 296 | Dungoa, tehani | $ 260.81 | |
| 297 | Durbin, Danielle | $ 2,243.39 | |
| 298 | Durfee, Dallas | $ 158.00 | |
| 299 | Dworsky, Rachelle | $ 53.55 | |
| 300 | Dye, Sean | $ 230.09 | |
| 301 | Eaton, Stephanie | $ 50.00 | |
| 302 | Ebert, Shelby | $ 1,246.86 | |
| 303 | Eby, Amanda | $ 439.62 | |
| 304 | Eck, Kyle | $ 345.57 | |
| 305 | Edens, Lucas | $ 80.86 | |
| 306 | Edmonds, Tyler | $ 228.01 | |
| 307 | Edwards, Adam | $ 2,341.28 | |
| 308 | Edwards, Caitlyn N | $ 50.00 | |
| 309 | Edwards, Josh | $ 2,127.89 | |
| 310 | Eichhorn, Dale | $ 125.22 | |
| 311 | Eick, Taylor | $ 1,596.72 | |
| 312 | Elkins, Sydney | $ 56.94 | |
| 313 | Elliott, Ashlee | $ 1,605.46 | |
| 314 | Ellis, Tony | $ 360.10 | |
| 315 | Empson, Sarah | $ 77.72 | |
| 316 | Endicott, Kayla | $ 50.00 | |
| 317 | Engeldinger, Shauna | $ 465.24 | |
| 318 | Engles, Lera | $ 66.39 | |
| 319 | Enos, Casey D | $ 50.00 | |
| 320 | Erickson, Gina E | $ 317.71 | |
| 321 | Ervin, Kara | $ 111.47 | |
| 322 | Ervin, Ryan | $ 265.51 | |
| 323 | Estrada, Alexis | $ 50.00 | |
| 324 | Everly, Hanah | $ 151.32 | |
| 325 | Fackler, maddison | $ 1,271.79 | |
| 326 | Fairchild, Shae | $ 5,012.57 | |
| 327 | Fallon, Kristen | $ 5,092.91 | |
| 328 | Farley, Raven M | $ 109.55 | |
| 329 | Farnsworth, Mekenna | $ 153.73 | |
| 330 | Farrell, Madison | $ 50.00 | |
| 331 | Febus, Nicole | $ 104.32 | |
| 332 | Feeny, Elizabeth | $ 71.21 | |
| 333 | Feisel, Tiffany | $ 1,839.30 | |
| 334 | Feller, Mckenzie | $ 80.07 | |
| 335 | Ferguson, Brittany | $ 709.23 | |
| 336 | Ferrell, Heather | $ 442.86 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 337 | Fessler, chellyann | $ 815.16 | |
| 338 | Ficocelli, Nicholas | $ 1,502.56 | |
| 339 | Fields, Madison | $ 185.59 | |
| 340 | Findlay, Taylor | $ 50.00 | |
| 341 | Finley, Leah | $ 6,585.74 | |
| 342 | Finley, Samantha | $ 788.35 | |
| 343 | Finnie, Kelsey L | $ 50.00 | |
| 344 | Fischer, Emily | $ 452.51 | |
| 345 | Fisher, Christina | $ 419.28 | |
| 346 | Flemming, Jessica | $ 50.00 | |
| 347 | Flournoy, Eben | $ 52.12 | |
| 348 | Fohl, Chelsea | $ 177.09 | |
| 349 | Fonner, Shadye | $ 971.52 | |
| 350 | Ford, Keith | $ 50.00 | |
| 351 | Ford, Lorenzo | $ 50.00 | |
| 352 | Forness, Ethan | $ 1,189.75 | $ 5,000.00 |
| 353 | Fowler, Jinifer | $ 1,132.65 | |
| 354 | Fox, Johnna | $ 4,434.80 | |
| 355 | Frame, Ericka | $ 50.00 | |
| 356 | Franks, Michalla | $ 186.92 | |
| 357 | Fratella, Caprice | $ 50.00 | |
| 358 | Friedley, Radusta | $ 818.41 | |
| 359 | Frienser, Lindsay K | $ 100.99 | |
| 360 | Frizzell, Merena | $ 3,066.22 | |
| 361 | Fronczak, Katelyn | $ 50.00 | |
| 362 | Fulk, Stacey | $ 961.12 | |
| 363 | Fulton, Tyler M | $ 575.82 | |
| 364 | Furniss, Brianne L | $ 52.25 | |
| 365 | Gaines, Trae | $ 1,239.33 | |
| 366 | Galvez, Danielle | $ 210.24 | |
| 367 | Garcia, Vincent | $ 127.21 | |
| 368 | Gardner, Paige | $ 346.69 | |
| 369 | Gardner, Zack | $ 389.36 | |
| 370 | Gaskins, Quinton M | $ 53.56 | |
| 371 | Gass, Samantha | $ 527.81 | |
| 372 | Geer, Jessica | $ 399.61 | |
| 373 | Gerace, Corey | $ 3,278.30 | |
| 374 | Gerber, Erica N | $ 441.00 | |
| 375 | Gerber, Tara | $ 6,467.48 | |
| 376 | Gerhart, Natasha | $ 976.72 | |
| 377 | Gibbs, Ashley | $ 226.42 | |
| 378 | Gibson, Kristin | $ 134.62 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 379 | Gibson, Olivia | $ 695.68 | |
| 380 | Gieseck, Darren | $ 84.10 | |
| 381 | Gilbert, Michael | $ 2,644.41 | |
| 382 | Gilchriese, Amanda | $ 286.21 | |
| 383 | Gill, Kayla N | $ 266.67 | |
| 384 | Gilliam, Vanessa | $ 322.63 | |
| 385 | Gingerich, Zach | $ 414.32 | |
| 386 | Gingrich, Emily | $ 510.51 | |
| 387 | Girodo, Susan M | $ 372.15 | |
| 388 | Gitchel, Tiffanee | $ 64.84 | |
| 389 | Glanville, Meaghan | $ 847.71 | |
| 390 | Gloyd, Brianna | $ 1,242.63 | |
| 391 | Godwin, Rebecca T | $ 50.00 | |
| 392 | Gomez, Emmanuel | $ 50.00 | |
| 393 | Good, Kristen N | $ 173.04 | |
| 394 | Goodman, Charity | $ 278.40 | |
| 395 | Goodman, Joyleen | $ 1,759.94 | |
| 396 | Goots, Gianna | $ 54.93 | |
| 397 | Gottron, Alexandria | $ 50.00 | |
| 398 | Gowins, Miranda | $ 1,673.72 | |
| 399 | Grace, Aaron | $ 50.00 | |
| 400 | Graf, Elijah | $ 187.24 | |
| 401 | Graf, Thomas | $ 1,373.55 | |
| 402 | Granger, Sarah | $ 312.33 | |
| 403 | Grant, Emily | $ 331.23 | |
| 404 | Grant, Jaylaan | $ 102.38 | |
| 405 | Grant, Jonathan | $ 2,162.29 | |
| 406 | Grant, Paige | $ 504.67 | |
| 407 | Grate, Mary | $ 190.53 | |
| 408 | Grate, Tyler | $ 1,637.48 | |
| 409 | Graves, Ashley | $ 50.00 | |
| 410 | Gray, Andrew | $ 250.15 | |
| 411 | Green, Abree | $ 956.41 | |
| 412 | Green, Andrea | $ 479.68 | |
| 413 | Green, Kylie | $ 104.68 | |
| 414 | Green, Mollie | $ 4,782.14 | |
| 415 | Greene, Brittany | $ 58.95 | |
| 416 | Greene, Michelle | $ 327.83 | |
| 417 | Greene, Shawntae A | $ 50.00 | |
| 418 | Greenwalt, Kellyn | $ 50.00 | |
| 419 | Greer, Amber | $ 657.78 | |
| 420 | Greer, james | $ 50.00 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 421 | Gregg, Devyn | $ 50.00 | |
| 422 | Gribble, Courtney | $ 221.87 | |
| 423 | Gribble, Heather | $ 184.85 | |
| 424 | Griffin, Robert | $ 80.57 | |
| 425 | Grimm, Morgan | $ 398.54 | |
| 426 | Grischow, Lauren | $ 260.05 | |
| 427 | Grossman, Leah | $ 6,815.43 | |
| 428 | Grove, Sammantha | $ 58.72 | |
| 429 | Gruber, Alison | $ 177.10 | |
| 430 | Guay, Steven | $ 50.00 | |
| 431 | Gueli, Cara | $ 2,719.18 | |
| 432 | Gustke, Steven | $ 50.00 | |
| 433 | Guthrie, Maranda | $ 1,227.83 | |
| 434 | Guzik, Gabrielle | $ 782.72 | |
| 435 | Gwinn, Zachary | $ 452.93 | |
| 436 | Hadley, Amy | $ 50.00 | |
| 437 | Hagan, Hannah | $ 3,150.14 | |
| 438 | Hager, Jamie | $ 84.13 | |
| 439 | Hahn, Tara E | $ 122.66 | |
| 440 | Hale, Nicholas | $ 293.08 | |
| 441 | Hall, Caroline | $ 965.61 | |
| 442 | Halpin, Chantel | $ 50.00 | |
| 443 | Hamilton, Brittany | $ 250.80 | |
| 444 | Hammett, Michael | $ 50.00 | |
| 445 | Hancock, Katlyn | $ 569.51 | |
| 446 | Hancock, Rayanna | $ 773.01 | |
| 447 | Hanni, Kylie | $ 3,199.52 | |
| 448 | Hannon, Melanie | $ 305.80 | |
| 449 | Hans, Brianna | $ 84.77 | |
| 450 | Hanson, Amanda | $ 4,379.54 | |
| 451 | Haptonstall, Brennan | $ 282.56 | |
| 452 | Harmon, Alyssa | $ 50.00 | |
| 453 | Harmon, Kylen | $ 2,022.26 | |
| 454 | Harper, Krissten | $ 130.52 | |
| 455 | Harris, Aaron | $ 528.48 | |
| 456 | Harris, Brittany | $ 282.91 | |
| 457 | Harris, Kianna | $ 2,410.46 | |
| 458 | Harris, Samantha | $ 177.43 | |
| 459 | Harris, Traci | $ 50.00 | |
| 460 | Harrold, Ashlea | $ 50.00 | |
| 461 | Hartley, Emma | $ 187.41 | |
| 462 | Hartman, Ryan | $ 50.00 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 463 | Harvey, Benjamin | $ 304.88 | |
| 464 | Harvey, Jessica | $ 560.57 | |
| 465 | Hatton, Lisa | $ 4,401.54 | |
| 466 | Haughey, Christophe | $ 2,968.51 | |
| 467 | Haver, Melissa | $ 199.29 | |
| 468 | Haycook, Shelbee | $ 491.18 | |
| 469 | Hayes, Breanna | $ 690.54 | |
| 470 | Hays, Eleni | $ 1,025.55 | |
| 471 | Heise, Lauren | $ 764.78 | |
| 472 | Helms, Twanna | $ 50.00 | |
| 473 | Henderson, Barry | $ 147.50 | |
| 474 | Hennessey, Havannah | $ 50.00 | |
| 475 | Henriksen, Shellie | $ 76.15 | |
| 476 | Henry, Kayla | $ 1,523.41 | |
| 477 | Henry, Melissa | $ 453.48 | |
| 478 | Henthorn, Kevin | $ 432.75 | |
| 479 | Herbst, Nicholas | $ 154.85 | |
| 480 | Herman, Bianca | $ 1,783.11 | |
| 481 | Hernandez, Isobel | $ 68.05 | |
| 482 | Hernandez, John | $ 258.31 | |
| 483 | Hertz, Brittany | $ 50.00 | |
| 484 | Heyer, Shelby | $ 1,111.02 | |
| 485 | Hicks, Krystina | $ 838.73 | |
| 486 | Hidey, Courtney | $ 164.01 | |
| 487 | Higgins, Carmon | $ 50.00 | |
| 488 | Hill, Brittney L | $ 50.00 | |
| 489 | Hill, Cassandra | $ 291.64 | |
| 490 | Hill, Courtney | $ 1,147.20 | |
| 491 | Hill, Emma | $ 100.54 | |
| 492 | Hill, Krysta | $ 5,243.79 | |
| 493 | Hinkle, Kierstan | $ 372.76 | |
| 494 | Hinkle, Laura | $ 3,475.63 | |
| 495 | Hinton, Janet | $ 205.43 | |
| 496 | Hoberman, Abigail | $ 686.94 | |
| 497 | Hoffman, Eric | $ 50.00 | |
| 498 | Hoffman, Kayla | $ 665.23 | |
| 499 | Hoffman, Mina R | $ 50.00 | |
| 500 | Hoggatt, Daniel R. | $ 1,119.07 | |
| 501 | Holcomb, Kyria | $ 1,173.44 | |
| 502 | Holl, Somer M | $ 50.00 | |
| 503 | Holland, Arika R | $ 50.00 | |
| 504 | Holland, Crystal | $ 881.53 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 505 | Hollar, Emmy | $ 50.00 | |
| 506 | Holley, Jessica | $ 4,489.88 | |
| 507 | Hook, Charles | $ 50.00 | |
| 508 | Hooper, Molly | $ 50.00 | |
| 509 | Hopkins, Camie | $ 2,678.20 | |
| 510 | Hopkins, Joseph | $ 726.26 | |
| 511 | Hopkins, Kimberly | $ 130.49 | |
| 512 | Horeish, Saeed | $ 379.75 | |
| 513 | Horlacher, Augustina | $ 2,776.98 | |
| 514 | Hostetler, Sommer | $ 724.20 | |
| 515 | Houston, Tammy | $ 220.91 | |
| 516 | Hovland, Kelton | $ 588.08 | |
| 517 | Howard, noelle | $ 486.71 | |
| 518 | Howell, Amberlin | $ 117.21 | |
| 519 | Howes, Sarah | $ 69.55 | |
| 520 | Hoyt, Katelyn | $ 50.00 | |
| 521 | Hren, Justin | $ 76.76 | |
| 522 | Hubbard, loria | $ 50.00 | |
| 523 | Hudson, Chad | $ 50.00 | |
| 524 | Hudson, Hayven | $ 50.00 | |
| 525 | Hughes, aurielle | $ 50.00 | |
| 526 | Hughes, Greg | $ 170.05 | |
| 527 | Hughes, Melissa | $ 1,065.08 | |
| 528 | Hummel, Rachel | $ 1,402.74 | |
| 529 | Hunter, Jamie | $ 926.58 | |
| 530 | Huntley, Haley | $ 50.00 | |
| 531 | Hurt, Mariah | $ 50.00 | |
| 532 | Hutchins, Zachary | $ 371.94 | |
| 533 | Hutto, Hailey | $ 594.92 | |
| 534 | Hyatt, Caitlin | $ 1,828.04 | |
| 535 | Hypes, Shannon N | $ 50.00 | |
| 536 | Hysell, Richard A | $ 404.68 | |
| 537 | Ibbotson, Jacob | $ 50.00 | |
| 538 | Immel, Mackenzie | $ 1,400.90 | |
| 539 | Inboden, Kyle | $ 127.24 | |
| 540 | Ioffredo, Jacqueline L | $ 649.85 | |
| 541 | Irwin, Creighton | $ 541.44 | |
| 542 | Isenberg, Courtney | $ 2,661.35 | |
| 543 | Isgrigg, Shayne | $ 50.00 | |
| 544 | Ishmael, Julie | $ 310.71 | |
| 545 | Jackson, Adam | $ 787.30 | |
| 546 | Jackson, Alexa | $ 279.95 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 547 | Jacobson, Samantha | $ 77.75 | |
| 548 | James, Kyon | $ 761.22 | |
| 549 | Jimison, Karissa | $ 501.63 | |
| 550 | Jimison, Sarah A | $ 84.12 | |
| 551 | Johnson, Tamara N | $ 407.11 | |
| 552 | Jones, Chris | $ 50.00 | |
| 553 | Jones, Kristen | $ 482.04 | $ 500.00 |
| 554 | Jones, Vivienne | $ 335.35 | |
| 555 | Joseph, Matthew | $ 61.97 | |
| 556 | Joyce, Alyssa | $ 170.76 | |
| 557 | Juarez, Alexis | $ 77.36 | |
| 558 | June, Skyler | $ 323.73 | |
| 559 | Kajganich, Kristyn | $ 329.80 | |
| 560 | Kallenberg, Emily | $ 190.91 | |
| 561 | Kamine, Jennifer | $ 50.00 | |
| 562 | Kantor, Nicholas | $ 50.00 | |
| 563 | Kappes, John | $ 168.87 | |
| 564 | Kares, Megan | $ 131.46 | |
| 565 | Karstetter, Kyle | $ 942.15 | |
| 566 | Katterhenrich, Jennifer R | $ 446.09 | |
| 567 | Katusin, Molly | $ 443.41 | |
| 568 | Keener, Sarah | $ 5,920.12 | |
| 569 | Keesee, Nicholas | $ 1,242.55 | |
| 570 | Keffer, Anthony | $ 156.10 | |
| 571 | Keiner, Jade | $ 50.00 | |
| 572 | Kelly, Dylon | $ 50.00 | |
| 573 | Kelly, Eilis | $ 117.21 | |
| 574 | Kennedy, Theresa | $ 2,014.06 | |
| 575 | Kensey, Keon | $ 235.46 | |
| 576 | Kent, Madison | $ 50.00 | |
| 577 | Kester, Codey | $ 161.27 | |
| 578 | Kester, Corey | $ 150.14 | |
| 579 | Keyser, Jennifer | $ 3,536.64 | |
| 580 | Kiger, Rachel M | $ 50.00 | |
| 581 | Kilbarger, Kaylene | $ 1,413.81 | |
| 582 | Kincaid, Makayla | $ 49.74 | |
| 583 | Kines, Brittney | $ 656.38 | |
| 584 | King, Amber | $ 1,397.45 | |
| 585 | Kirk, Samantha | $ 146.60 | |
| 586 | Kirk, Sarah | $ 50.00 | |
| 587 | Kistler, Sydnie | $ 50.00 | |
| 588 | Klein, Blaike | $ 1,013.69 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 589 | Kleinrichert, Christophe | $ 284.24 | |
| 590 | Kline, Morgan | $ 333.83 | |
| 591 | Knauss, Kimberly | $ 1,897.26 | |
| 592 | Knight, Aurora | $ 50.00 | |
| 593 | Knoch, Karen A | $ 158.61 | |
| 594 | Kozubek, Sarah | $ 89.62 | |
| 595 | Krouse, Allison | $ 424.40 | |
| 596 | Krug, Sara | $ 50.00 | |
| 597 | Krystek, Morgan | $ 765.09 | |
| 598 | Krystinak, Jonathan | $ 1,204.81 | |
| 599 | Kuhlwein, Brianna | $ 1,902.65 | |
| 600 | Kunkler, Emily | $ 142.66 | |
| 601 | Kunkler, Nicholas | $ 2,992.90 | |
| 602 | Kunkler, Raegan | $ 441.00 | |
| 603 | Kunsman, Tara | $ 1,125.21 | |
| 604 | Kurtz, Ashlee | $ 160.23 | |
| 605 | Kutschan, Kara | $ 1,413.33 | |
| 606 | La Rue, Brooke P | $ 90.48 | |
| 607 | LaFollette, Phillip | $ 62.58 | |
| 608 | Lahman, David | $ 162.99 | |
| 609 | Lamarr, Shantel | $ 636.71 | |
| 610 | Lamb, Candace | $ 441.79 | |
| 611 | Lane, Cassandra J. | $ 5,827.06 | |
| 612 | Lane, Samantha M | $ 469.02 | |
| 613 | Lang, Ashley E | $ 171.30 | |
| 614 | Lanning, Sarah | $ 5,505.05 | |
| 615 | Larragoitiy, Melissa | $ 50.00 | |
| 616 | Larrick, Kristin | $ 50.00 | |
| 617 | Lattimore, Aubrey | $ 62.17 | |
| 618 | Lazcano, David | $ 63.27 | |
| 619 | Lazuka, Sophia | $ 912.87 | |
| 620 | Leach, Cherimoya | $ 123.57 | |
| 621 | Leal, Krista | $ 50.00 | |
| 622 | Leclair, Patience | $ 166.09 | |
| 623 | Lee, Brianna | $ 938.59 | |
| 624 | Lee, Devin | $ 336.72 | |
| 625 | Lee, Ivy A | $ 4,450.05 | |
| 626 | Lee, Jessica | $ 956.24 | |
| 627 | Leebyrne, Shane | $ 204.08 | |
| 628 | Legg, Liana | $ 50.00 | |
| 629 | Lehman, Jacklynn | $ 56.07 | |
| 630 | Lehman, Joseph | $ 482.43 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 631 | Leininger, Jonathan D | $ 111.74 | |
| 632 | Lenhart, Mason | $ 749.98 | |
| 633 | Leo, Anthony | $ 1,465.79 | |
| 634 | Leonard, Amanda | $ 154.66 | |
| 635 | Lester, John | $ 4,322.79 | |
| 636 | Lester, Justine L | $ 312.50 | |
| 637 | Letarte, Jesse | $ 292.30 | |
| 638 | L'heureux, Kimberly | $ 224.34 | |
| 639 | Ligmanowski, Jessica | $ 4,155.13 | |
| 640 | Lindsey, Thoren | $ 1,248.47 | |
| 641 | Lintala, Lauren | $ 232.13 | |
| 642 | Lippencott, Cheyenne | $ 50.00 | |
| 643 | Lira, Marilyn | $ 624.03 | |
| 644 | Litz, Darby | $ 119.34 | |
| 645 | Lloyd, Kristine | $ 3,345.18 | |
| 646 | Loch, Mark | $ 6,485.96 | |
| 647 | Logue, Jared | $ 1,564.39 | |
| 648 | Lohman, Kelly | $ 682.37 | |
| 649 | Long, Brandi S | $ 50.00 | |
| 650 | Long, Joseph | $ 1,176.19 | |
| 651 | Long, Timieka | $ 271.31 | |
| 652 | Longsine, Sarah | $ 422.03 | |
| 653 | Lopez, Hector | $ 133.41 | |
| 654 | Lorraine, Madeleine | $ 423.78 | |
| 655 | Louderback, Grace V | $ 294.79 | |
| 656 | Lovelady, kevin | $ 457.06 | |
| 657 | Lowen, Demi | $ 717.76 | |
| 658 | Lowey, Bessie | $ 1,058.80 | |
| 659 | Lucas, Benjamin | $ 115.98 | |
| 660 | Lupher, Kristina | $ 512.63 | |
| 661 | Luten, Joseph | $ 2,226.79 | |
| 662 | Lutz, Derek | $ 184.92 | |
| 663 | Lybarger, Mariah | $ 1,043.18 | |
| 664 | Lybarger, Pamela | $ 952.82 | |
| 665 | Lyon, Jennifer | $ 2,691.37 | |
| 666 | Lyon, Nichole | $ 385.69 | |
| 667 | Lyons, Stephanie | $ 198.09 | |
| 668 | Machinsky, Charles | $ 1,399.84 | |
| 669 | Mack, David E | $ 50.00 | |
| 670 | Mackey, Sara | $ 1,835.41 | |
| 671 | Madden, Trenton | $ 64.99 | |
| 672 | Maenz, Olivia | $ 61.69 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 673 | Major, John | $ 980.56 | |
| 674 | Manders, Cassandra | $ 1,113.55 | |
| 675 | Manter, Claudia | $ 50.00 | |
| 676 | Manygoats, Jaren | $ 1,677.76 | |
| 677 | Manzo, Nicole | $ 401.98 | |
| 678 | Marcum, Morgann | $ 217.91 | |
| 679 | Marler, Chea R | $ 50.00 | |
| 680 | Marshall, Chelsea | $ 1,759.49 | |
| 681 | Marshall, Christine | $ 178.84 | |
| 682 | Marshall, Ryan | $ 299.27 | |
| 683 | Martin, Bethany | $ 81.43 | |
| 684 | Martin, Ricky | $ 772.82 | |
| 685 | Martinez, Guadlupe | $ 927.88 | |
| 686 | Martinez, Shaina | $ 194.60 | |
| 687 | Mascarenas, selena | $ 50.00 | |
| 688 | Matchett, Shelby | $ 339.44 | |
| 689 | Mate, Mercedesz | $ 50.00 | |
| 690 | Matthews, Meghann | $ 2,337.84 | |
| 691 | Matthews, Sandra | $ 1,163.89 | |
| 692 | Mavis, Jacqueline | $ 4,519.42 | |
| 693 | Mavis, Kathrine | $ 820.14 | |
| 694 | Maxwell, jordan | $ 50.00 | |
| 695 | May, Jessica | $ 3,301.26 | |
| 696 | Maykowski, Kylie | $ 50.00 | |
| 697 | Maynard, Angel | $ 4,340.10 | |
| 698 | Maynard, Kyrie | $ 1,990.69 | |
| 699 | Maynard, Nicholette | $ 1,846.28 | |
| 700 | Maynard, Sarah | $ 50.00 | |
| 701 | Mcatee, Meleah | $ 291.10 | |
| 702 | Mcavoy, Candace | $ 1,206.82 | |
| 703 | Mccain, Sierra | $ 84.89 | |
| 704 | Mccambridge, Kenneth | $ 127.14 | |
| 705 | Mccandlish, Valerie | $ 325.56 | |
| 706 | Mccarthy, Erin | $ 50.00 | |
| 707 | McClain, Eric | $ 2,511.47 | |
| 708 | Mccombs, Paul | $ 309.11 | |
| 709 | Mcconnell, Jessica | $ 50.00 | |
| 710 | Mccoy, Audrianna | $ 4,020.40 | |
| 711 | Mccune, Kimberly | $ 550.91 | |
| 712 | Mcdaniel, Danielle | $ 5,390.75 | |
| 713 | McDaniel, Stephanie | $ 58.70 | |
| 714 | Mcdonald, Jessica | $ 91.20 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 715 | Mcelroy, Megan | $ 1,104.27 | |
| 716 | McGath, Harmony M | $ 455.45 | |
| 717 | Mcgeorge, Steven | $ 450.87 | |
| 718 | Mcginnis, Meredith | $ 50.00 | |
| 719 | Mcilwain, Drew | $ 527.15 | |
| 720 | Mckay, Kaitlin | $ 1,536.12 | |
| 721 | Mckenna, Kaleb | $ 50.00 | |
| 722 | Mckillip, Lauren | $ 1,776.92 | |
| 723 | McLean, Haley A | $ 65.28 | |
| 724 | Mcmanaway, Jessica | $ 551.68 | |
| 725 | Mcmillan, Amber | $ 50.00 | |
| 726 | Mcmillan, Ryan | $ 1,318.32 | |
| 727 | Mcmullen, Suzannah | $ 550.76 | |
| 728 | Mcnerney, Meghan | $ 353.04 | |
| 729 | Mcnew, Rachel | $ 540.34 | |
| 730 | Mcphail, Kelsey | $ 1,105.93 | |
| 731 | Mcpherson, Michael | $ 754.88 | |
| 732 | McPhillen, Samantha A | $ 924.29 | |
| 733 | Mcquaide, Faith | $ 2,175.06 | |
| 734 | Mcvay, Shelbie | $ 107.94 | |
| 735 | Medina, Savanna | $ 232.66 | |
| 736 | Meier, Allison | $ 2,915.49 | |
| 737 | Meier, Keith | $ 3,631.75 | |
| 738 | Mesa, Carlie | $ 52.22 | |
| 739 | Metheny, Brittany M | $ 136.41 | |
| 740 | Milius, Jarron T | $ 50.00 | |
| 741 | Millat, Alli | $ 232.47 | |
| 742 | Millard, katlyn | $ 50.00 | |
| 743 | Miller, Anna | $ 736.55 | |
| 744 | Miller, Charles | $ 101.36 | |
| 745 | Miller, Chellsiea | $ 324.64 | |
| 746 | Miller, Danielle | $ 469.64 | |
| 747 | Miller, Allison | $ 354.70 | |
| 748 | Miller, Haley | $ 318.88 | |
| 749 | Miller, Kayla | $ 2,535.90 | |
| 750 | Miller, Kennedy | $ 50.00 | |
| 751 | Miller, Nicholas | $ 485.44 | |
| 752 | Miller, Paul | $ 259.98 | |
| 753 | Miller, Rachel | $ 2,048.11 | |
| 754 | Milligan, Alicia | $ 2,624.63 | |
| 755 | Milligan, Tabatha | $ 3,421.21 | |
| 756 | Mills, Jenna | $ 272.08 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 757 | Minton, Brittany | $    1,857.41 | |
| 758 | Misner, Travis | $      349.48 | |
| 759 | Mogan, Melissa | $       95.17 | |
| 760 | Mohler, Hunter | $       80.74 | |
| 761 | Molina, Arlette | $       50.00 | |
| 762 | Mollenkamp, Tucker | $      314.39 | |
| 763 | Molloseau, Clayton | $    1,863.91 | |
| 764 | Montgomery, Alexus | $       50.00 | |
| 765 | Moody, Aaron | $       50.00 | |
| 766 | Moody, Kenedy | $      694.42 | |
| 767 | Moon, Eva M | $    1,082.75 | |
| 768 | Moore, Jordan | $      144.78 | |
| 769 | Mora, Kris | $      506.70 | |
| 770 | Morgan, Brittney | $       56.15 | |
| 771 | Morgan, Hannah | $      250.07 | |
| 772 | Morgan, Josh | $      145.93 | |
| 773 | Morris, Katelynd | $       50.00 | |
| 774 | Morris, Kyle | $    1,311.48 | |
| 775 | Morris, Kylie | $      480.89 | |
| 776 | Morrison, Charles | $      978.13 | |
| 777 | Morrison, Mitchell | $       65.01 | |
| 778 | Morrison, Stacy | $       50.00 | |
| 779 | Morrow, Jordan | $      228.14 | |
| 780 | Mott, Tayler | $      845.81 | |
| 781 | Mueller, Riley | $       79.03 | |
| 782 | Mullen, Mary Kathr | $    2,920.58 | $      500.00 |
| 783 | Mullins, Amber | $      312.13 | |
| 784 | Mullins, michael | $      628.62 | |
| 785 | Muncy, Amber | $      224.68 | |
| 786 | Munoz, Jeffry | $      632.20 | |
| 787 | Munoz-Solis, Yesenia | $    2,092.48 | |
| 788 | Munyan, Sjonna | $       85.31 | |
| 789 | Murphy, Brooke | $       50.00 | |
| 790 | Murphy, Megan | $      551.28 | |
| 791 | Murphy, Steven | $    1,442.09 | |
| 792 | Murray, dakota | $      228.55 | |
| 793 | Musick, Alexis | $      962.25 | |
| 794 | Myers, Shelley | $      111.51 | |
| 795 | Myers-Haas, Ryan | $      565.63 | |
| 796 | Navarro, Jose | $      241.31 | |
| 797 | Neal, Brittany A | $      433.71 | |
| 798 | Nedved, Sarah | $      805.78 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 799 | Neff, April | $ 4,544.75 | |
| 800 | Neff, Brittany | $ 1,134.82 | |
| 801 | Neice, Shannon | $ 646.33 | |
| 802 | Neitzel, Jennifer | $ 2,116.12 | |
| 803 | Nelson, Brianna | $ 118.83 | |
| 804 | Neumann, Kaylie | $ 385.51 | |
| 805 | Nichols, Jean | $ 184.63 | |
| 806 | Nichols, Thomas P | $ 50.00 | |
| 807 | Nicholson, Kayla | $ 708.13 | |
| 808 | Nickrand, Jerry | $ 376.50 | |
| 809 | Nixon, Chauntiana | $ 158.27 | |
| 810 | Noaker, David | $ 50.00 | |
| 811 | Noble, Stacia | $ 58.85 | |
| 812 | Noll, Betsy J | $ 203.34 | |
| 813 | Norcross, Andrew | $ 346.07 | |
| 814 | Norcross, Christina | $ 621.44 | |
| 815 | Norcutt, Abbey | $ 95.68 | |
| 816 | Nordin, Cheyenne | $ 60.90 | |
| 817 | Nouse, Kelly | $ 158.13 | |
| 818 | Nowell, Shelby | $ 176.33 | |
| 819 | Nugent, Kathryn | $ 50.00 | |
| 820 | Nugent, Lauren | $ 111.02 | |
| 821 | Nutt, Alyssa | $ 3,736.64 | |
| 822 | Nutt, Emilee | $ 7,077.71 | |
| 823 | Nye, Corbin | $ 907.53 | |
| 824 | Oakley, Alexander | $ 508.79 | |
| 825 | Oatman, Danae | $ 1,832.27 | |
| 826 | Oberheim, Kelsey | $ 50.00 | |
| 827 | Oliphant, Alexis | $ 3,129.56 | |
| 828 | Oliver, Aaron | $ 89.99 | |
| 829 | Oliver, Angela | $ 1,120.20 | |
| 830 | Olsen, Jamie | $ 50.00 | |
| 831 | O'Neal, Samantha J | $ 194.10 | |
| 832 | O'neal, Sarah | $ 1,290.62 | |
| 833 | Orozco, Alexandro | $ 50.00 | |
| 834 | Orozco, Christina | $ 50.00 | |
| 835 | Orsburn, Joseph | $ 1,451.35 | |
| 836 | Orvek, Adam C | $ 310.86 | |
| 837 | Osborne, Brennan | $ 155.59 | |
| 838 | Ostrander, Amber | $ 1,892.24 | |
| 839 | Ottena, Courtney | $ 784.92 | |
| 840 | Ottinger, Roy A | $ 860.96 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 841 | Owen, Alison | $ 1,100.95 | |
| 842 | Packard, Alison R | $ 396.15 | |
| 843 | Padilla, Cory | $ 1,684.04 | |
| 844 | Page, Kathryn | $ 1,031.18 | |
| 845 | Palkiewicz, Ashley | $ 54.66 | |
| 846 | Parent, Jacob | $ 50.00 | |
| 847 | Parin, Courtney | $ 1,248.22 | |
| 848 | Parkinson, Monika | $ 355.08 | |
| 849 | Parrish, Erica | $ 5,871.10 | |
| 850 | Parsell, Emily | $ 192.59 | |
| 851 | Paschal, Ashley | $ 162.71 | |
| 852 | Pashibin, Tatyana | $ 898.78 | |
| 853 | Paskins, Jason | $ 1,742.28 | |
| 854 | Patterson, Charles | $ 95.12 | |
| 855 | Patterson, Jeremiah | $ 887.58 | |
| 856 | Pattison, Cynthia R | $ 295.49 | |
| 857 | Payment, amanda | $ 583.37 | |
| 858 | Payne, Allison | $ 60.92 | |
| 859 | Payne, Brittany | $ 50.00 | |
| 860 | Payne, Chelsea B | $ 50.00 | |
| 861 | Peabody, Angela | $ 50.00 | |
| 862 | Peck, Josh | $ 63.67 | |
| 863 | Pejsa, ireland | $ 413.16 | |
| 864 | Peltzer, Luna | $ 144.10 | |
| 865 | Pemberton, Ciara | $ 50.00 | |
| 866 | Pena, Jonathan | $ 1,008.94 | |
| 867 | Penrod, Jeremy | $ 362.18 | |
| 868 | Perales, Brandon | $ 2,355.94 | |
| 869 | Pernell, Kacie | $ 262.81 | |
| 870 | Perreault, Courtney | $ 88.60 | |
| 871 | Persinger, John | $ 657.10 | |
| 872 | Peterman, Charles | $ 285.20 | |
| 873 | Peters, Bethanie | $ 54.02 | |
| 874 | Peterson, Lucen | $ 259.38 | |
| 875 | Petrowski, Christian | $ 162.39 | |
| 876 | Pfeiffer, Anna | $ 1,710.18 | |
| 877 | Phillips, Christine | $ 2,920.31 | |
| 878 | Phillips, Cody | $ 90.52 | |
| 879 | Phillips, Dena | $ 50.00 | |
| 880 | Phillips, Jacob | $ 496.71 | |
| 881 | Phillips, Rachel | $ 349.61 | |
| 882 | Pica, Nayla | $ 742.90 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 883 | Picklesimer, Tegan | $ 5,074.88 | |
| 884 | Pickrell, Magda L | $ 50.00 | |
| 885 | Pico Herritt, Vanessa | $ 470.70 | |
| 886 | Pierce, Brandi | $ 210.42 | |
| 887 | Pierce, Stephanie | $ 50.00 | |
| 888 | Pilkington, Nicole | $ 208.37 | |
| 889 | Pinkerton, Heather | $ 881.42 | |
| 890 | Placker, Chris | $ 632.48 | |
| 891 | Plastow, Amanda C | $ 1,255.65 | |
| 892 | Platek, Grace | $ 84.28 | |
| 893 | Podczerviensky, tabatha | $ 647.56 | |
| 894 | Podolski, Kaitlin F | $ 74.67 | |
| 895 | Poeppel, Brittani | $ 53.48 | |
| 896 | Pollex, Brittany | $ 6,334.33 | |
| 897 | Porter, April | $ 653.23 | |
| 898 | Porter, Jessica | $ 132.48 | |
| 899 | Postel, Alexcis | $ 1,061.65 | |
| 900 | Pounds, Sharon | $ 57.12 | |
| 901 | Powers, Hannah | $ 50.00 | |
| 902 | Poydras, Shakira | $ 50.00 | |
| 903 | Poyner, Alisha | $ 968.27 | |
| 904 | Prakas, Nicholas | $ 960.45 | |
| 905 | Prevallet, Phillip | $ 77.14 | |
| 906 | Price, Ashton | $ 747.82 | |
| 907 | Price, Madison | $ 665.23 | |
| 908 | Price, Paige | $ 117.85 | |
| 909 | Price, Ray E | $ 686.74 | |
| 910 | Printz, David | $ 657.06 | |
| 911 | Pruner, Kristen | $ 736.50 | |
| 912 | Puchi, Jacob R | $ 50.00 | |
| 913 | Puebla, Courtney D | $ 50.00 | |
| 914 | Pulliam, Angel | $ 50.00 | |
| 915 | Pummel, Brooke | $ 195.08 | |
| 916 | Putnam, Teresa | $ 1,862.79 | |
| 917 | Pyles, Chloe | $ 506.30 | |
| 918 | Quickley, Lori N | $ 51.67 | |
| 919 | Rahn, Cheyenne T | $ 234.47 | |
| 920 | Raigner, Tiffany | $ 50.00 | |
| 921 | Rain, Jesse | $ 171.71 | |
| 922 | Rains, Dawn | $ 194.69 | |
| 923 | Ramey, Cheyenne | $ 186.53 | |
| 924 | Ramirez, Justin | $ 453.65 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 925 | Ramirez, Mikayla | $ 71.42 | |
| 926 | Ramos, jeffrey | $ 150.06 | |
| 927 | Ramos, Johnathan | $ 50.00 | |
| 928 | Ramos, rafael | $ 50.00 | |
| 929 | Ramsey, Caleb | $ 109.41 | |
| 930 | Randles, Rae-Ann | $ 188.97 | |
| 931 | Reagen, Jacqueline | $ 1,118.77 | |
| 932 | Reber, Kristen | $ 208.39 | |
| 933 | Rector, Angela | $ 628.48 | |
| 934 | Rector, Jaymie | $ 431.76 | |
| 935 | Redman, Megan | $ 268.93 | |
| 936 | Reece, Briana M | $ 50.00 | |
| 937 | Reed, Brooke | $ 328.11 | |
| 938 | Reed, Evan | $ 922.09 | |
| 939 | Reese, Michelle | $ 2,793.92 | |
| 940 | Reid, Jacob M | $ 50.00 | |
| 941 | Renac, amanda | $ 6,251.47 | |
| 942 | Renaud, Jocilyn | $ 2,285.97 | |
| 943 | Rencher, Kenan | $ 108.36 | |
| 944 | Renicker, Sierra | $ 70.06 | |
| 945 | Reyes, Pedro | $ 1,135.99 | |
| 946 | Reynolds, Thomas | $ 311.81 | |
| 947 | Richards, Danielle | $ 386.29 | |
| 948 | Richards, Shane | $ 435.24 | |
| 949 | Richardson, Alexandra | $ 97.90 | |
| 950 | Richmond, Alexandra | $ 50.00 | |
| 951 | Ricketts, Samantha | $ 159.83 | |
| 952 | Riley, Alyson | $ 50.00 | |
| 953 | Ritter, Remigton | $ 248.21 | |
| 954 | Rivera, Vanessa | $ 477.90 | |
| 955 | Roark, Michelle | $ 50.00 | |
| 956 | Roberts, Jessica | $ 411.23 | |
| 957 | Robinson, Michael | $ 1,133.00 | |
| 958 | Rodriguez, Cecilia | $ 54.45 | |
| 959 | Rodriguez, Stephen | $ 50.00 | |
| 960 | Rohrbaugh, Robin | $ 50.00 | |
| 961 | Romeo, Gabrielle A | $ 306.54 | |
| 962 | Romero, Stephany J | $ 264.92 | |
| 963 | Rooker-Bazell, Cassandra | $ 50.00 | |
| 964 | Rose, Ashley | $ 892.59 | |
| 965 | Rose, Meghan | $ 167.13 | |
| 966 | Ross, Danielle | $ 560.00 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 967 | Ross, Kaya | $ 155.78 | |
| 968 | Roth, Trevor | $ 106.21 | |
| 969 | Rouse, Arly | $ 50.00 | |
| 970 | Rouse, Elson | $ 3,275.73 | |
| 971 | Rouse, woodser | $ 902.93 | |
| 972 | Rowse, Amanda K | $ 50.00 | |
| 973 | Ruano, Kimberly | $ 165.31 | |
| 974 | Rucker, Lindsay | $ 1,315.53 | |
| 975 | Ruff, Deanne | $ 200.75 | |
| 976 | Russell, Floyd | $ 4,800.42 | |
| 977 | Russell, Vicki | $ 1,558.47 | |
| 978 | Rutter, Ashli | $ 1,404.49 | |
| 979 | Rutter, Brittany | $ 1,117.45 | |
| 980 | Sabatino, Angelena | $ 50.00 | |
| 981 | Santoj, Christian | $ 2,474.46 | |
| 982 | Sardella Ii, David | $ 102.40 | |
| 983 | Sartor, Joshua | $ 2,640.23 | |
| 984 | Sauer, Brent | $ 50.00 | |
| 985 | Sayer, Arika | $ 50.00 | |
| 986 | Schneider, Kelsie | $ 128.94 | |
| 987 | Schoepf, Lauren | $ 617.34 | |
| 988 | Scholes, Ashley | $ 968.69 | |
| 989 | Scott, Paige | $ 178.47 | |
| 990 | Scouler, Rachel W | $ 2,851.72 | |
| 991 | Scouler, Todd | $ 4,127.38 | |
| 992 | Scupp, Katherine M | $ 50.00 | |
| 993 | Seesholtz, Courtney | $ 2,375.96 | |
| 994 | Seltzer, Michael | $ 417.32 | |
| 995 | Severence, Caitlin | $ 654.86 | |
| 996 | Sexton, Jon M | $ 723.17 | |
| 997 | Seymour, Heather | $ 979.65 | |
| 998 | Shade, Dailyn | $ 228.77 | |
| 999 | Shanks, Timothy | $ 71.97 | |
| 1000 | Shapaka, Adam | $ 1,418.30 | |
| 1001 | Shapaka, Heather | $ 563.09 | |
| 1002 | Shassetz, Samantha | $ 54.34 | |
| 1003 | Shaw, Nikolle | $ 3,755.99 | |
| 1004 | Shaw, stacy | $ 202.27 | |
| 1005 | Sheely, Jessica | $ 50.00 | |
| 1006 | Sheets, Josie | $ 802.52 | |
| 1007 | Sheline, Lorynne | $ 217.46 | |
| 1008 | Sherman, Kaylyn | $ 168.55 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|-----------------:|---------------|
| 1009 | Shiels, Elsa | $ 1,319.69 | |
| 1010 | Shipp, Jakob | $ 380.03 | |
| 1011 | Shirk, Chelsea | $ 157.37 | |
| 1012 | Shoemaker, Danielle | $ 1,057.92 | |
| 1013 | Shortt, Benjamin | $ 449.70 | |
| 1014 | Shrontz, Miranda | $ 3,653.71 | |
| 1015 | Sidwell, Holly | $ 97.55 | |
| 1016 | Siebrecht, Michelle | $ 324.99 | |
| 1017 | Silva, Catherine | $ 50.00 | |
| 1018 | Silva-Thomas, Cydni | $ 724.59 | |
| 1019 | Simmers, Lauren | $ 471.53 | |
| 1020 | Simmons, Chaundrea | $ 123.98 | |
| 1021 | Simmons, Ladeja | $ 582.92 | |
| 1022 | Simon, Yolanda | $ 2,300.68 | |
| 1023 | Sims, Leah | $ 50.00 | |
| 1024 | Sims, Sherrie | $ 51.19 | |
| 1025 | Simurda, Alyssa | $ 50.00 | |
| 1026 | Singer, Abigail | $ 542.45 | |
| 1027 | Sisley, Vincent | $ 1,587.97 | |
| 1028 | Sivy, Brianna | $ 155.96 | |
| 1029 | Skaggs, She B | $ 50.00 | |
| 1030 | Slade, Michael | $ 969.56 | |
| 1031 | Slattery, Nicole | $ 1,588.50 | |
| 1032 | Slenker, Sandra | $ 246.85 | |
| 1033 | Slocum, Robyn | $ 50.00 | |
| 1034 | Slone, Kaylee | $ 176.39 | |
| 1035 | Smalley, Christina | $ 89.30 | |
| 1036 | Smelley, Courtney | $ 1,418.21 | |
| 1037 | Smiley, sean | $ 347.95 | |
| 1038 | Smith, Amber | $ 1,016.98 | |
| 1039 | Smith, Angela M | $ 121.12 | |
| 1040 | Smith, Clarice L | $ 73.28 | |
| 1041 | Smith, Jasmine | $ 552.78 | |
| 1042 | Smith, Kaela M | $ 114.64 | |
| 1043 | Smith, Kaler | $ 160.50 | |
| 1044 | Smith, kassandra | $ 50.00 | |
| 1045 | Smith, Kellie | $ 96.79 | |
| 1046 | Smith, Randall | $ 147.91 | |
| 1047 | Smith, Seneca | $ 50.00 | |
| 1048 | Smock, Skyler | $ 54.08 | |
| 1049 | Smoot, Stefanie | $ 2,995.60 | |
| 1050 | Snyder, Derick | $ 2,518.36 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|-----------------|---------------|
| 1051 | Solis, Justin | $ 1,002.94 | |
| 1052 | Sonntag, Kellie | $ 674.78 | |
| 1053 | Sorrell, Kadee | $ 764.58 | |
| 1054 | Soureevong, Dow M | $ 941.35 | |
| 1055 | Spahr, Kelly | $ 50.00 | |
| 1056 | Spahr, Preston | $ 55.19 | |
| 1057 | Sparks, Rebecca | $ 341.51 | |
| 1058 | Sparrow, Robyn | $ 652.88 | |
| 1059 | Spaw, Jessica | $ 322.93 | |
| 1060 | Specht, Kelly | $ 367.96 | |
| 1061 | Spelman, Bailee | $ 50.00 | |
| 1062 | Spencer, Cassandra | $ 1,470.99 | |
| 1063 | Spurlock, Mathew | $ 969.10 | |
| 1064 | Stanley, Lela | $ 692.28 | |
| 1065 | Starkey, Lacie | $ 470.93 | |
| 1066 | Starkey, Marissa A | $ 50.00 | |
| 1067 | Starner, Alexaundra | $ 843.23 | |
| 1068 | Starner, Cameron | $ 924.50 | |
| 1069 | Starr, Chad | $ 50.00 | |
| 1070 | Staton, Deva | $ 302.70 | |
| 1071 | Steffanni, Zachary | $ 156.42 | |
| 1072 | Stephens, Joshua | $ 1,641.89 | |
| 1073 | Stephens, Shelly | $ 197.35 | |
| 1074 | Stepp, Nacole | $ 1,967.06 | |
| 1075 | Stevens, Jamie | $ 1,652.19 | |
| 1076 | Stevens, Sirae N | $ 50.00 | |
| 1077 | Stewart, Dakotah | $ 309.80 | |
| 1078 | Stinson, Nia K | $ 50.00 | |
| 1079 | Stocker, Hannah | $ 686.39 | |
| 1080 | Stoffel, Audrey | $ 92.65 | |
| 1081 | Stoker, Tyler | $ 50.00 | |
| 1082 | Stoll, Peter | $ 467.07 | |
| 1083 | Stone, Kierstin | $ 697.43 | |
| 1084 | Stover, Steven | $ 54.51 | |
| 1085 | Strate, Tylynn | $ 369.34 | |
| 1086 | Straub, Elyse | $ 388.93 | |
| 1087 | Straw, T'anna L | $ 50.00 | |
| 1088 | Stump, Christa | $ 222.85 | |
| 1089 | Sudimack, Nicholas | $ 279.65 | |
| 1090 | Sullivan, Creighton | $ 50.00 | |
| 1091 | Sullivan, Trevin | $ 535.57 | |
| 1092 | Swain, Courtney | $ 401.91 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|---|---|---|
| 1093 | Swain, Jessie | $ 1,867.90 | |
| 1094 | Swanger, madisen | $ 50.00 | |
| 1095 | Swearingen, Brittani | $ 250.86 | |
| 1096 | Swingle, Hannah | $ 230.19 | |
| 1097 | Tackett, Ashley | $ 1,471.54 | |
| 1098 | Tackett, Brittany | $ 53.33 | |
| 1099 | Tall, Anna | $ 233.77 | |
| 1100 | Tallman, Mariah | $ 1,640.93 | |
| 1101 | Tandy, Haley | $ 2,150.36 | |
| 1102 | Tapia, Jessica | $ 52.62 | |
| 1103 | Tatman, Hannah | $ 388.16 | |
| 1104 | Taylor, Devon | $ 855.46 | |
| 1105 | Taylor, Elena | $ 4,977.85 | |
| 1106 | Taylor, Heather | $ 2,894.83 | |
| 1107 | Taylor, Kayla | $ 50.00 | |
| 1108 | Taylor, Rico | $ 50.00 | |
| 1109 | Tekempel, Courtney | $ 1,097.01 | |
| 1110 | Terrazas, Dakota | $ 2,392.26 | |
| 1111 | Terrazas, Luis | $ 1,452.08 | |
| 1112 | Terrell, Nakita | $ 522.45 | |
| 1113 | Terrell, Tia | $ 50.00 | |
| 1114 | Tharps, Javon | $ 235.68 | |
| 1115 | Theret, Joffrey | $ 50.00 | |
| 1116 | Thomas, Stacey | $ 50.00 | |
| 1117 | Thompson, Karnesha | $ 424.82 | |
| 1118 | Thorp, Danielle | $ 50.00 | $ 500.00 |
| 1119 | Thorp, Tyler | $ 603.08 | $ 500.00 |
| 1120 | Thress, Kristin | $ 1,745.70 | |
| 1121 | Thurman, Andrew | $ 1,545.30 | |
| 1122 | Tichenor, William | $ 1,891.99 | |
| 1123 | Tillman, Amanda | $ 655.10 | |
| 1124 | Timmons, Alyssa | $ 300.71 | |
| 1125 | Timmons, Kayla | $ 627.08 | |
| 1126 | Timms, Angela | $ 1,078.41 | |
| 1127 | Timms, Autumn | $ 1,073.50 | |
| 1128 | Tolbert, Laura | $ 1,867.77 | |
| 1129 | Tolley, Josie | $ 439.48 | |
| 1130 | Tommas, Erin | $ 1,256.21 | |
| 1131 | Toney, Evan | $ 763.42 | |
| 1132 | Tornero, Ashley | $ 386.95 | |
| 1133 | Trainer, Joshua R | $ 50.00 | |
| 1134 | Trasatti, Alysia | $ 71.67 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 1135 | Trego, Roxy | $ 50.00 | |
| 1136 | Treichel, Katelyn | $ 1,726.39 | |
| 1137 | Trimmer, Michael | $ 1,650.58 | |
| 1138 | Trujillo, danica | $ 317.50 | |
| 1139 | Tucker, Josiah | $ 482.90 | |
| 1140 | Twitty, Brandon | $ 50.00 | |
| 1141 | Upchurch, Barbra | $ 77.29 | |
| 1142 | Upton, Andrew B | $ 206.82 | |
| 1143 | Upton, ariella | $ 50.00 | |
| 1144 | Urshan, Desiree | $ 85.21 | |
| 1145 | Utter, Kelsea | $ 110.61 | |
| 1146 | Uveges, Abigail | $ 791.41 | |
| 1147 | Van Almsick, Amanda | $ 488.37 | |
| 1148 | Van Horn, Robert | $ 90.01 | |
| 1149 | Van Roy, Amber N | $ 1,946.58 | |
| 1150 | Vanatta, Monica | $ 70.66 | |
| 1151 | Vanmeter, Nichole | $ 1,515.41 | |
| 1152 | Vannatta, Samantha | $ 1,470.41 | |
| 1153 | Vanscoder, Chloe | $ 830.29 | |
| 1154 | Varner, Ashlyn | $ 1,016.55 | |
| 1155 | Vasquez, Carlos | $ 497.47 | |
| 1156 | Vega, Amber | $ 986.72 | |
| 1157 | Veze, Dawn | $ 62.08 | |
| 1158 | Victor, Julia | $ 103.65 | |
| 1159 | Vincent, Marla S. | $ 6,576.53 | |
| 1160 | Viola, Mary-Kate | $ 1,641.13 | |
| 1161 | Virden, Alyssa | $ 81.95 | |
| 1162 | Von Bargen, Kathryn | $ 90.64 | |
| 1163 | Voorhies, Victoria | $ 277.04 | |
| 1164 | Wagner, Kayla | $ 419.24 | |
| 1165 | Waidelich, Jaime L | $ 50.00 | |
| 1166 | Walker, Alexandra | $ 50.00 | |
| 1167 | Walker, Gabrielle | $ 939.96 | |
| 1168 | Walker, Maresa | $ 81.42 | |
| 1169 | Walker, Sophia | $ 1,698.73 | |
| 1170 | Wallace, Amanda | $ 1,102.61 | |
| 1171 | Wallace, Jessica | $ 4,606.43 | |
| 1172 | Wallace, Taylor | $ 372.65 | |
| 1173 | Walowitz, Brianna | $ 1,818.19 | |
| 1174 | Walsh, Mariclare | $ 469.50 | |
| 1175 | Walters, Cori | $ 211.09 | |
| 1176 | Walton, Kelly | $ 1,678.85 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|-----------------:|--------------:|
| 1177 | Ward, Kristina | $ 50.00 | |
| 1178 | Warfield, Ashley | $ 1,637.25 | |
| 1179 | Watkins, Marcus | $ 50.00 | |
| 1180 | Watts, Denna-Rae | $ 2,666.10 | |
| 1181 | Waugh, Lindsay | $ 50.00 | |
| 1182 | Webb, Kaitlyn | $ 218.71 | |
| 1183 | Weber, Ashly | $ 3,632.45 | |
| 1184 | Weber, Kenneth | $ 257.73 | |
| 1185 | Weekley, Franklynette | $ 61.80 | |
| 1186 | Weiss, Ashley | $ 382.99 | |
| 1187 | Welch, Christine | $ 50.00 | |
| 1188 | Welch, Courtney | $ 910.42 | |
| 1189 | Wells, Dasjah M | $ 386.76 | |
| 1190 | Wenckowski, Christina | $ 61.31 | |
| 1191 | Wengerd, Meghan | $ 375.74 | |
| 1192 | West, Shanna | $ 740.63 | |
| 1193 | West, Skye | $ 2,659.89 | |
| 1194 | West, taylor | $ 781.44 | |
| 1195 | Wheeler, Cody | $ 50.00 | |
| 1196 | Wheeler, Robert | $ 525.51 | |
| 1197 | Whetsell, Brianna | $ 248.33 | |
| 1198 | Whitcraft, Kayla | $ 946.35 | $ 500.00 |
| 1199 | White, Camille | $ 67.69 | |
| 1200 | White, Daniel | $ 63.72 | |
| 1201 | White, Richard | $ 2,647.15 | |
| 1202 | White, Skyler | $ 607.48 | |
| 1203 | White, Tayler | $ 517.33 | |
| 1204 | Whiting, nicole | $ 102.46 | |
| 1205 | Whitman, Miranda | $ 191.64 | |
| 1206 | Whitt, Jennifer | $ 5,637.28 | |
| 1207 | Whitt, Joshua | $ 1,063.77 | |
| 1208 | Whittaker, Jason | $ 166.33 | |
| 1209 | Whittington, Paige | $ 415.09 | |
| 1210 | Widdowson, Jacob | $ 128.17 | |
| 1211 | Widing, Nolan | $ 1,551.51 | |
| 1212 | Wigfield, Raegan | $ 225.29 | |
| 1213 | Wight, Elizabeth | $ 259.86 | |
| 1214 | Wilkinson, Lesheka | $ 287.76 | |
| 1215 | Willey, Zackery | $ 333.49 | |
| 1216 | Williams, Anastacia | $ 128.97 | |
| 1217 | Williams, Ashley R | $ 50.00 | |
| 1218 | Williams, Daniel | $ 50.00 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 1219 | Williams, keevin | $ 50.00 | |
| 1220 | Williams, Lavone | $ 1,250.69 | |
| 1221 | Williams, Nicholas | $ 732.29 | |
| 1222 | Williamson, Carly A | $ 50.00 | |
| 1223 | Williamson, Jessica | $ 2,803.55 | |
| 1224 | Wilson, Amber | $ 50.00 | |
| 1225 | Wilson, Hunter | $ 615.79 | |
| 1226 | Wilson, Justina | $ 77.83 | |
| 1227 | Winbush, Bradley | $ 85.64 | |
| 1228 | Winbush, Byron | $ 226.41 | |
| 1229 | Winston, Kimberly | $ 112.01 | |
| 1230 | Wisnieski, Derek | $ 1,551.52 | |
| 1231 | Wiswell, Emily | $ 50.00 | |
| 1232 | Wolcott, Kaylee | $ 202.85 | |
| 1233 | Wolfe, Aylissia | $ 50.00 | |
| 1234 | Wolfe, Shannon | $ 355.29 | |
| 1235 | Wolpert, Brianna | $ 50.00 | |
| 1236 | Woltz, Caitlin | $ 3,488.21 | |
| 1237 | Wood, Cory D | $ 50.00 | |
| 1238 | Wood, Jacqueline | $ 1,965.39 | |
| 1239 | Wood, Staci M | $ 50.00 | |
| 1240 | Woodring, Erica L | $ 457.14 | |
| 1241 | Woods, Dante | $ 79.91 | |
| 1242 | Woods, Jarrod | $ 289.21 | |
| 1243 | Woods, Michael | $ 2,432.94 | |
| 1244 | Woodside, Amanda N | $ 2,640.65 | |
| 1245 | Woody, Maliyah | $ 935.90 | |
| 1246 | Wools, Erica | $ 222.63 | |
| 1247 | Wright, David | $ 1,844.79 | |
| 1248 | Wyant, Austin | $ 50.00 | |
| 1249 | Wynkoop, Sarah | $ 1,934.04 | |
| 1250 | Yabut, Sharmaine | $ 59.81 | |
| 1251 | Yoak, Mackenzie | $ 797.04 | |
| 1252 | York, Morgan | $ 1,104.36 | |
| 1253 | Yosick, Kaci | $ 84.80 | |
| 1254 | Youtz, Shelby | $ 2,783.92 | |
| 1255 | Yutzy, Makenzie | $ 248.79 | |
| 1256 | Zamora Jr., Ruben | $ 50.00 | |
| 1257 | Zannetti, Gabriel | $ 306.86 | |
| 1258 | Zaragoza, Kalee | $ 4,567.16 | |
| 1259 | Zaragoza, Wendy | $ 4,719.05 | |
| 1260 | Zeisler, Lorinda | $ 91.81 | |

**Barton, et al. v. Lancaster Wings, Inc., et al.**
**Joint Stipulation of Settlement**
**Exhibit A**

| # | Employee | Settlement Award | Service Award |
|---|----------|------------------|---------------|
| 1261 | Zeman, Briana | $ 248.36 | |
| 1262 | Zigan, Cortney | $ 2,059.23 | |
| 1263 | Zimmerle, Danielle | $ 541.74 | |

EXHIBIT B

Date

*Via Regular United States Mail*
Name
Street Address
City, State, and Zip Code

> **Re:** **Buffalo Wild Wings Lawsuit – Notice of Settlement**
> *Barton v. Lancaster Wings, Inc.*, Case No. 2:2017-cv-00476-ALM-EPD

Dear Name:

You are receiving this letter because a federal court in Ohio recently approved the settlement of a minimum wage and overtime lawsuit against Lancaster Wings, Inc., Lancaster Wings West LLC, Lancaster Wings West II LLC, Lancaster Wings West III LLC, and Larry Tipton ("Defendants"). The settlement provides for minimum wage and overtime compensation to individuals who worked as servers and bartenders for Defendants' Buffalo Wild Wings restaurants between September 1, 2014 and April 23, 2018.

Your gross settlement payment in the lawsuit is $_____. To receive this payment, you must sign and cash or otherwise negotiate your enclosed settlement check within 150 days from the postmark date on the envelope containing this check or it will be void. Your settlement payment was calculated based on the hours you worked and your rates of pay as reflected in your time and payroll records provided by Defendants. You do not have to pay attorneys' fees or other costs from your settlement payment. The attorneys representing the workers have been awarded one-third of the settlement plus their litigation costs.

If you decide to participate in the settlement by signing and cashing the enclosed settlement check, you agree to join the lawsuit *Barton v. Lancaster Wings, Inc.*, (Case No. 2:2017-cv-00476-ALM-EPD) (the "Action") and release all claims or causes of action you have against the Released Parties in the Action from September 1, 2014 until April 23, 2018 for unpaid minimum and overtime wages that were asserted in the Action, or that arise out of facts asserted in the Action, including minimum and overtime wage claims under the Fair Labor Standards Act and parallel state law, and including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest.

If you timely cash or otherwise negotiate your settlement payment, here is how that payment is being treated for tax purposes. Half of your settlement payment is being allocated to unpaid wages. Payroll taxes are being withheld from the wage portion of your settlement payment. You will receive a W-2 form reporting the wage portion of your settlement. The other

half of your settlement payment will be allocated to liquidated damages. No payroll taxes will be withheld from this portion of your settlement payment. If required by IRS rules, you will receive a 1099 form reporting the non-wage portion of your settlement. No one is providing you tax advice in connection with the settlement. It is your responsibility to consult with a tax advisor if you have questions about the tax implications of the settlement.

If you have questions about the terms of the settlement, please call one of the following lawyers representing the workers: Doug Werman at (312) 419-1008 or Michael Fradin at (847) 986-5889.

Regards,


Douglas M. Werman

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Zachary Barton and Ethan Forness<br>*Individually and on behalf of all others<br>similarly situated*<br><br>Plaintiffs,<br><br>*v.*<br><br>Lancaster Wings, Inc., Lancaster Wings<br>West LLC, Lancaster Wings West II LLC,<br>Lancaster Wings West III LLC, and Larry<br>Tipton<br>Defendants. | Case No. 2:2017-cv-00476-ALM-EPD<br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE ELIZABETH A.<br>PRESTON DEAVERS |

**DECLARATION OF DOUGLAS M. WERMAN**

I, Douglas M. Werman, declare as follows:

1.      I am a member in good standing of the Illinois State Bar and am the managing

shareholder of Werman Salas P.C.  I submit this declaration in support of Plaintiffs' Unopposed

Motion for Approval of Settlement, Appointment of Settlement Administrator and Approval of

Service Awards and Attorneys' Fees and Costs

2.      I have personal knowledge of the factual matters set forth in this declaration.

**The Litigation**

3.      This is a wage case by servers and bartenders at 10 Buffalo Wild Wings

restaurants operated by Defendants in Ohio and Arizona.[1] Plaintiffs alleged that Defendants

violated the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act

---

[1]      The Ohio locations are located in Lancaster, New Philadelphia, Canal Winchester, Taylor Square-Reynoldsburg, Mt. Vernon, Athens, and Heath. The Arizona locations are located in Flagstaff, Bullhead City, and Prescott Valley.

1

("OMFWSA"), and the Ohio Constitution by failing to pay Plaintiffs and other tipped employees all earned minimum and overtime wages. ECF No. 62, Third Amd. Compl. ¶ 1. Four of Plaintiffs' claims are for violations of the "tip credit" provisions of federal and state law. Three other claims implicate the general provisions of federal and state minimum wage and overtime laws.

4.  *Tip Credit Claims*: Defendants pay their servers and bartenders less than the prevailing minimum hourly wage and apply the "tip credit" to their minimum wage obligations. ECF No. 62, Third Amd. Compl. ¶ 25. Plaintiffs claim that Defendants forfeited their right to take a tip credit for three reasons: (1) Defendants required servers and bartenders to reimburse their restaurants when customers left without paying their bill; (2) Defendants required servers and bartenders to spend excessive amounts (more than 20%) of their overall time each week on non-tip-producing tasks that were related to their tipped jobs; and (3) Defendants required servers and bartenders to perform duties that were unrelated to their tipped jobs. ECF No. 62, Third Amd. Compl. ¶¶ 85-87, 98.

5.  *Other Minimum Wage and Overtime Claims*: In addition to the tip-credit claims, Plaintiffs allege that Defendants required them and other tipped employees to work while they were off the clock. ECF No. 62, Third Amd. Compl. at ¶¶ 89, 93, 98. Plaintiffs claim that unpaid time less than 40 hours is owed at the full minimum wage and the time they worked off the clock in excess of 40 hours a week is owed to them at one and one-half times the applicable minimum wage. *Id.* Finally, Plaintiffs allege that Defendants deducted the cost of required uniforms from their pay, thereby reducing their compensation below minimum wage. *Id.* at ¶ 97.

6.  This Action was filed on June 3, 2017. ECF No. 1. Plaintiffs subsequently filed First, Second, and Third Amended Complaints. ECF Nos. 28, 52, 62. Ten additional servers and

bartenders became "Opt-in Plaintiffs" by filing consents to join this Action. On October 25, 2017, Defendants filed a Rule 12(b)(6) partial motion to dismiss the non-tipped duties claims arising under the FLSA, the Ohio Constitution, and the OMFWSA. ECF No. 35. The motion was fully briefed, mooted by Plaintiffs' Second Amended Complaint, and then fully re-briefed. ECF Nos. 41, 48, 53, 59, 68,

7.      On November 18, 2017, the Parties participated in a mediation with a neutral mediator but were unable to reach a settlement. The Parties then engaged in written discovery and document production. Plaintiffs' Counsel obtained sworn declarations from Named Plaintiffs and certain Opt-in Plaintiffs to support forthcoming motions for class and collective action certification. On April 3, 2018, the Parties again participated in a mediation with the same neutral mediator but were unable to reach a settlement. After that mediation, the mediator continued to work with the Parties and, on April 23rd – after the mediator made a final settlement proposal – the Parties finally reached the FLSA collective action Settlement that they now seek this Court to approve.[2]

**The Settlement**

8.      Defendants have agreed to pay $1,550,000.00 to settle the claims in this Action, which shall be used to provide for: (1) Settlement Payments to Eligible Settlement Class Members, (2) Service Awards, (3) Plaintiffs' Attorney's Fees; (4) Plaintiffs' Litigation Expenses; and (5) Settlement Administration Expenses. Ex. 1, Joint Stipulation, § 4(a). Separately, Defendants will pay the employer's share of payroll taxes on the portion of Settlement Payments allocated to unpaid wages. *Id.* at § 4(b).

---

[2]      Because the Parties reached an FLSA collective action settlement, the Parties do not seek approval of any Rule 23 classes under Ohio law.

9. Eligible Settlement Class Members are Plaintiffs and other servers and bartenders who worked for Defendants between September 1, 2014 and April 23, 2018. Ex. 1, Joint Stipulation, § 4(c)(i). Exhibit A to the Joint Stipulation of Settlement (*see* Ex. 1) lists all Eligible Settlement Class Members. Settlement Payments to Eligible Class Members will be paid from the Net Settlement Fund, which is the $1,550,000 Settlement Fund minus Service Awards, Plaintiffs' Attorneys' Fees and Litigation Costs, and Settlement Administration Expenses. *Id.* at § 4(b)(i). Settlement Payments to Eligible Settlement Class Members will be allocated from the Net Settlement Fund based on employees' actual hours worked and rates of pay with the following formula and distributed *pro rata*:

> [(the product of the number of hours worked at a sub-minimum, tip-credit wage rate by each employee * applicable minimum wage) – (the product of the number of hours worked at a sub-minimum, tip-credit wage rate by each employee * the sub-minimum tip-credit wage rate the employee was paid)].

*Id.* at 4(c)(i). All Eligible Settlement Class Members shall be eligible to receive a minimum Settlement Payment of $50.00 ("Minimum Settlement Payment"). *Id.* at § 4(c)(iii). Fifty percent of each Settlement Payment will be allocated to unpaid wages, with payroll taxes withheld, and fifty percent will be allocated to liquidated damages, not subject to tax withholdings. *Id.* at § 4(d).

10. Eligible Settlement Class Members who chose to participate in the Settlement by timely signing and cashing their Settlement Payment checks will release their minimum wage and overtime claims as asserted in the Action. Ex. 1, Joint Stipulation, § 5(a). The Settlement Notices that Eligible Settlement Class Members receive with their Settlement Payment and the back of each check will contain the following language:

> By signing and cashing or otherwise negotiating this check, I agree to join the lawsuit *Barton v. Lancaster Wings, Inc.*, (Case No. 2:2017-cv-00476-ALM-EPD) (N.D. Ohio) (the "Action") and release all claims or causes of action I have against

the Released Parties in the Action from September 1, 2014 until April 23, 2018 for unpaid minimum and overtime wages that were asserted in the Action, or that arise out of facts asserted in the Action, including minimum and overtime wage claims under the Fair Labor Standards Act and parallel state law, and including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest.

*Id.* and Settlement Notice (Ex. B to Joint Stipulation). Eligible Settlement Class Members who do not timely sign and cash their Settlement Payment checks will not release any claims. *Id.* at § 5(b).[3] Settlement Payment checks are valid for 150 days from mailing. *Id.* at § 7(f)(i). For any uncashed Settlement Payments that remain after the 150-day check cashing period, twenty-five percent will be distributed to the National Employment Law Project and seventy-five percent to Defendants. *Id.* at § 7(f)(vii).

11.     The Settlement provides for Service Awards of $5,000 each to the Named Plaintiffs for their work in prosecuting this action and recovering money on behalf of all Eligible Settlement Class Members, including conferring with Plaintiffs' Counsel, filing this Action in their own names, providing sworn declarations, and preparing for and attending mediation. Ex. 1, Joint stipulation, § 6(d). The following Opt-in Plaintiffs who provided sworn declarations in support of the claims in the case will receive Service Payments of $500.00 each: Christopher Cannon, Danielle Thorp, Kayla Whitcraft, Kristen Winchers, Mary Katherine Mullen, and Tyler Thorp. *Id.* In exchange for their Service Payments, Named Plaintiffs and these Opt-in Plaintiffs will provide a general release of claims to Defendants. *Id.* at § 5(c).

12.     The Settlement provides for appointment of Rust Consulting, Inc. to administer the settlement. *Id.* at §§ 1(l), 4(b)(iv). The Settlement Administrator will establish a Qualified Settlement Fund, handle tax withholding and reporting, mail Settlement Payment checks and Settlement Notices, and update addresses and re-mail undeliverable Settlement Payments and

---

[3]     However, Opt-in Plaintiffs will have their claims dismissed with prejudice regardless of whether they sign and negotiate their Settlement Payments. *Id.*

Notices. *Id.* at §§ 1(l), 4(b)(iv). The Settlement Administrator will receive $14,000.00 from the Settlement Fund for its fees in administering the Settlement. *Id.* at §§ 4(d), 7.

13.     The Settlement provides that Plaintiffs' Counsel may request one-third of the $1,550,00.00 Settlement ($516,666.67) as reasonable attorneys' fees. *Id.* at §§ 4(b)(iii), 6(a). Plaintiffs' Counsel may also request reimbursement of $12,412.27 in actual litigation costs, including filing fees, pro hac vice fees, postage, travel expenses, mediation fees, legal research and copying costs. *Id.*

**My Experience**

14.     I graduated from Loyola University of Chicago's School of Law in 1990. I received my undergraduate degree from the University of Illinois, Champaign-Urbana, in 1987. I was admitted to practice law in the State of Illinois in 1990. During the entire course of my legal practice, I have practiced primarily in the area of labor and employment law. Since 2001, my practice has been highly concentrated in representing employees in cases arising under federal and state wage and hour laws.

15.     I am admitted in the following courts:

| COURT OF ADMISSION | DATE OF ADMISSION |
|---|---|
| State of Illinois | 11/08/1990 |
| Northern District of Illinois | 12/20/1990 |
| Seventh Circuit Court of Appeals | 08/05/1994 |
| Western District of Michigan | 06/24/1999 |
| Central District of Illinois | 03/30/2001 |
| Eastern District of Michigan | 03/25/2003 |
| Southern District of Illinois | 04/08/2010 |
| Northern District of Indiana | 10/25/2010 |
| Second Circuit Court of Appeals | 11/21/2013 |
| Eleventh Circuit Court of Appeals | 05/06/2015 |
| Western District of New York | 07/22/2015 |
| Federal Claims Court | 08/13/2015 |
| Southern District of Indiana | 11/05/2015 |
| Eastern District of Arkansas | 12/04/2015 |
| Tenth Circuit Court of Appeals | 04/21/2016 |

| Ninth Circuit Court of Appeals | 05/20/2016 |
| District of Colorado | 06/06/2017 |

16.     My published cases in the area of wage and hour and employment law exceed 225 decisions and include *Ervin v. OS Rest. Servs.*, 632 F.3d 971 (7th Cir. 2011), the leading appellate decision addressing the propriety of a combined Rule 23 class action and a FLSA collective action under 29 U.S.C. § 216(b).

17.     I am a frequent speaker and author on wage and hour matters. Some examples of my speaking engagements are:

| Chicago Bar Association, 2017, Chicago Fall Seminar on Wage and Hour Litigation | Settlement Strategies: Mediation and Court Approved Settlements in Wage and Hour Litigation |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Co-Counseling & Cooperating with Other Plaintiffs' Lawyers |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Who is an Employer & Who is an Employee? |
| Federal Bar Association, Chicago Chapter, Moderator, 2016 | Enforcement and Litigation Priorities: EEOC, NLRB, DOL |
| National Employment Lawyers Association National Convention, Washington, D.C., 2015 | Settlement Issues in Settling Wage and Hour Class and Collective Actions |
| American Bar Association, Fair Labor Standards Legislation Committee, Puerto Vallarta, Mexico 2015 | Litigation Issues in Wage and Hour Class and Collective Actions |
| Bridgeport Legal Conferences, Wage and Hour Class Action, Chicago, 2015 | Settlement of Wage and Hour Class Actions |
| Practicing Law Institute, Chicago, 2013, 2014, 2015 | FLSA Wage and Hour Update |
| Chicago Bar Association, Class Litigation Committee, 2011 | Current Terrain in Class Action Litigation |
| Illinois Institute of Continuing Legal Education, 2008 | Litigating Class Action Claims |
| AFL-CIO Lawyers Coordinating Committee, 2008 | Arbitrating Wage and Hour Cases |

18.     I am a member of the Board of Editors of the leading treatise on the Fair Labor Standards Act, entitled, "Kearns, *The Fair Labor Standards Act*," published by Bloomberg BNA

in conjunction with the American Bar Association Section of Labor and Employment Law. Before being elevated to the Board of Editors in 2016, I was the Senior Chapter Editor of Chapter 20 ("Hybrid" FLSA/State Law Actions") of that same treatise.

19.     At the request of Judge Amy St. Eve who sits on the United States Court of Appeals for the Seventh Circuit, I was 1 of 10 lawyers in the United States (5 lawyers who primarily represent employees and 5 who primarily represent employers) who in 2017 authored FLSA Initial Discovery Protocols designed to streamline discovery of such cases in federal courts. See,

http://iaals.du.edu/sites/default/files/documents/publications/flsa_initial_discovery_protocols.pdf
The protocols were drafted in conjunction with the Federal Judicial Center (FJC) and the Institute for the Advancement of the American Legal System.

20.     I have been lead counsel in more than seven hundred (700) cases filed in the state and federal courts relating to the recovery of unpaid wages. The majority of these cases proceeded as collective actions under § 216(b) of the FLSA and/or set forth class action claims under Fed. R. Civ. P. 23.  These cases, include: *Ortiz v. Manpower*, Inc., No. 12 C 5248 (N.D. Ill. August 21, 2012) (class comprising over 85,000 employees); *Arrez v. Kelly Services, Inc.,* No. 07 C 1289 (N.D. Ill.) (class action for unpaid wages for over 95,000 employees) and *Polk v. Adecco*, No. 06 CH 13405 (Cook County, Il.)(class action for owed pay for over 36,000 employees); *Romo v. Manpower,* No. 09 C 3429 (N.D. Ill. January 18, 2012); *Robbins v. Blazin Wings, Inc.,* No. 15-CV-6340 CJS, 2016 WL 1068201, at *1 (W.D.N.Y. Mar. 18, 2016)(step one FLSA certification of a collective of 62,000 tipped employees); *Garcia v. JC Penney Corp., Inc.*, No. 12-CV-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016) (class action for owed pay for over 36,000 employees); *Haschak v. Fox & Hound Rest. Grp.,* No. 10 C 8023, 2012 U.S. Dist.

162476, at * 2 (N.D. Ill. Nov. 14, 2012); *Schaefer v. Walker Bros. Enters., Inc.,* No. 10 C 6366, 2012 U.S. Dist. LEXIS 65432, at *4 (N.D. Ill. May 7, 2012); *Kernats v. Comcast Corp. Inc.,* Nos. 09 C 3368 and 09 C 4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010); *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) & *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, at *15 (N.D. Ill. Mar. 2, 2012) (19,000 tipped employees, decertification denied); *Schmidt v. Smith & Wollensky,* 268 F.R.D. 323 (N.D. Ill. 2010); *Hardaway v. Employbridge of Dallas, et al*., No. 11 C 3200 (N.D. Ill.); *Williams v. Volt*, No. 10 C 3927 (N.D. Ill.)(IWPCA class action for owed pay for over 15,000 employees); *Rosales v. Randstad*, No. 09 C 1706 (N.D. Ill.); *Rusin v. Chicago Tribune,* No. 12 C 1135 (N.D. Ill. February 5, 2013); and *Peraza v. Dominick's Finer Foods, LLC,* No. 11 C 8390 (N.D. Ill. November 20, 2012). These and other cases have successfully recovered owed wages for hundreds of thousands of working people.

21.     Several federal courts have recognized the expertise that me and my firm possess in wage and hour litigation. *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018) ("Plaintiffs' Counsel are known and recognized lawyers in wage and hour litigation and have an excellent national reputation in representing tipped employees in this type of case. Courts recognize Plaintiffs' Counsel as leaders in advocating the rights of such workers throughout the United States"); *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017) (Douglas Werman and Werman Salas are  "national leaders in advocating the rights of working people in wage and hour litigation" and describing Mr. Werman as a "highly respected and experienced lawyer[]" in "wage and hour cases.)"; *Knox,* 2017 WL 3834929, at *5 (quoting *Mouloki v. Epee,* No. 14 C 5532, 2017 WL 2791215, at *3, n.4 (N.D. Ill. June 27, 2017)); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5

9

(N.D. Ill. 2010) (Castillo, J.) (recognizing Mr. Werman as a "highly experienced attorney" in wage and hour class actions).

22. In 2012, I was a proud recipient of the Thirteenth Annual Award for Excellence in Pro Bono Service awarded by the United States District Court for the Northern District of Illinois, in conjunction with the Chicago Chapter of the Federal Bar Association.

**My Firm's Lodestar in this Litigation**

**Timekeeping Records**

23. Plaintiffs' Counsel undertook the representation on a purely contingent basis.

24. Each attorney and member of Werman Salas' professional staff kept records of the time they worked on this litigation through a software program — commonly known as "Sage Timeslips 2016" — that is loaded onto Werman Salas P.C.'s network server. The Timeslips file created for the instant litigation is named "Grosscup, Linds." Beginning with my initial consultation with the Plaintiffs, whenever I or other members of Werman Salas P.C. performed work on behalf of Plaintiffs in connection with this litigation, time entries were made in the Timeslip program. These entries consist of a description of the work performed on the date of the entry and the amount of time spent during the day performing the work described.

**Amount of Reasonable Time Billed**

25. As of June 21, 2018, Werman Salas P.C.'s total lodestar fees are $264,238.35.

26. The following table shows the breakdown of attorneys and paralegals who worked on this case, the amount of time recorded by each individual, and each individual's hourly rate.

| Timekeeper | Rate | Time | Amt. Due |
|---|---|---|---|
| Douglas M. Werman | $675 | 157.24 | $106,137.00 |
| Steven P. Schneck | $625 | 7.99 | $4,993.75 |

| | | | |
|---|---|---|---|
| Abra Siegel | $575 | 136.04 | $78,223.00 |
| Maureen A. Salas | $525 | 3.01 | $1,580.25 |
| Zachary C. Flowerree | $430 | 38.51 | $16,559.30 |
| Sarah J. Arendt | $400 | 0.50 | $200.00 |
| Jacqueline Villanueva | $230 | 29.51 | $6,787.30 |
| Adriana Rodriguez | $175 | 10.50 | $1,837.50 |
| Cristina Calderon | $175 | 214.66 | $37,565.50 |
| Maria Reyes | $175 | 17.17 | $3,004.75 |
| Julieta Galvez | $175 | 0.50 | $87.50 |
| Jose Maldonado | $175 | 41.50 | $7,262.50 |
| **Total** | | **657.13** | **$264,238.35** |

27.     During the course of the litigation, Plaintiffs' Counsel: (i) interviewed scores of current and former tipped employees employed by Defendants; (ii)  drafted and filed an initial and First, Second, and Third Amended Complaints, (iii) served Defendants with multiple sets of written discovery; (iv) reviewed the thousands of pages of documents produced by Defendants and hundreds of thousands of lines of electronic time and pay data for thousands of potential individual Opt-in Plaintiffs and class members; (v) obtained sworn declarations from witnesses to support Plaintiffs' step-one motion for FLSA notice and class certification; (vi) opposed two lengthy and complex motions to dismiss filed by Defendants; interviewed and collected evidence from Opt-In Plaintiffs, (vii) prepared a class-wide damage model, (viii) drafted a mediation statement and participated in two full day, in person mediations in Cleveland, Ohio, and (ix) prepared the class settlement documents.

28.     Plaintiffs' counsel also notes that the loadstar presented above does not take into consideration future time Plaintiffs' Counsel will spend fulfilling their future obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to Plaintiffs' and Settlement Class members' inquiries. Plaintiffs' Counsel expects these future attorneys' fees to be substantial.

29.     All Counsel are highly qualified and experienced, and each have substantial credentials in federal courts and class and collective action litigation.

30.     Plaintiffs' Counsel exercised prudent billing judgment in delegating the work among attorneys.

31.     Counsel's requested fee is $516,666.67 and represents a 1.46 multiplier of their actual lodestar.

**Reasonable Hourly Billing Rates**

32.     In addition to the contingent fee work I perform in class and collective actions, I also have hourly paying clients.

33.     My current rate is $675/hr. Last year, I charged the hourly rate of $650/hr for my work as a mediator of national wage and hour collective and class actions and individual employment litigation. I most recently charged $650/hr to mediate a worker's compensation retaliatory discharge case on July 21, 2017.  In certain matters I charge a flat rate of $12,000.00 per day for my mediation services of wage and hour class and collective actions. The flat rate includes preparatory time and time spent in a full day of mediation. The flat rate results in an effective hourly rate in excess of $650 per hour.

34.     In 2017, I charged the hourly rate of $650/hr for work I perform as an arbitrator of wage and hour cases before the American Arbitration Association.

35.     Werman Salas ordinarily bills its time to hourly paying clients as follows: $675 for my time, $550 for Maureen Salas' time, $450 for Zachary C. Flowerree's time, $430 for Sarah J. Arendt's time, $230 for Jacqueline Villanueva's time and $175 for paralegal time.

36.     I have been awarded $650/hr by numerous courts for work I primarily performed before the 2018 calendar year. For example, in granting a petition for an award of attorney's

12

fees, I was awarded the hourly rate of $650.00 per hour in *Soto v. Wings 'R Us Romeoville, Inc.*, No. 15 C 10127, 2018 WL 1875296, at *4 (N.D. Ill. April 16, 2018); *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018) (awarding Werman Salas lawyers and staff the rates they seek in this case); and *Knox v. Jones Grp.,* No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *4 (S.D. Ind. Aug. 31, 2017); *Sanchez*, 2017 WL 1425837, at *5-7.

37. Other members of my firm have been awarded the rates they seek, detailed above, by other courts. *Soto*, 2018 WL 1875296, at *4; *Osman,* 2018 WL 2095172, at *4-5; *Knox,* 2017 WL 3834929, at *4 (S.D. Ind. Aug. 31, 2017); *Sanchez*. 2017 WL 1425837, at *6.

38. Jacqueline H. Villanueva, Adriana P. Rodriguez, and Cristina Calderon are current paralegals with Werman Salas P.C., and all have been employed by the firm for more than 11 years. Ms. Villanueva is also a 2015 graduate of Loyola University School of Law and holds a juris doctor degree. All are experienced and skilled paralegals with extensive knowledge of wage and hour law and providing litigation support. This year, in *Soto,* the court approved rates of $175/hr for Werman Salas' administrative staff. *Soto*, 2018 WL 1875296, at *4; *Osman,* 2018 WL 2095172, at *4-5; *Knox,* 2017 WL 3834929, at *4 (S.D. Ind. Aug. 31, 2017); *Sanchez*. 2017 WL 1425837, at *62017 WL 1425837, at *6. As a law school graduate with thirteen years' experience, Ms. Villanueva's hourly rate of $230/hr is reasonable.

39. Based on the rates awarded by these other courts in other wage and hour cases, Class Counsel believes the rates requested by Class Counsel are within the prevailing market rates for lawyers and administrative staff members of Plaintiffs' counsel's experience and expertise.

**The Requested Fee Represents a Small Multiplier of Plaintiffs' Counsel's Lodestar**

40.     Counsel's requested fee is $516,666.66 and represents a modest 1.46 multiplier of their current loadstar. The amount Plaintiffs' Counsel seeks in attorneys' fees does not take into consideration the time Plaintiffs' Counsel will spend fulfilling their obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to settlement inquiries.

**Plaintiffs' Counsel's Litigation Expenses**

41.     My firm has incurred $6,587.94 in litigation costs. These expenses include, but are not limited to, filing fees, pro hac vice fees, postage, travel expenses, mediation fees, legal research and copying costs.  The expenses incurred are reasonable and their reimbursement should be approved.

**The Settlement Should Be Approved**

42.     The settlement in this case easily surpasses the standard for approval. The settlement was the result of careful pre-suit investigation and substantial arm's-length negotiations. The Parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. Recognizing the uncertain legal and factual issues involved, the Parties only reached the settlement after private mediation before an experienced mediator.

43.     All Eligible Settlement Class Members receive direct cash payments representing a substantial recovery on their unpaid wage claims. There is no initial claims process that can decrease participation in the settlement. By contrast, in a settlement with a virtually identical structure to the one proposed here against another Buffalo Wild Wings franchise, there was a 65

14

percent participation rate. (1,615 individuals in *Stokes* cashed checks according to Rust while 2,585 individuals were in the final settlement class list).

44.     The settlement also provides significant compensation to Plaintiffs, without any claims-process that could depress participation. The Settlement Payments range from a minimum payment of $50.00 to a maximum payment of $7,077.71. The net settlement represents an average of $786.95 per Eligible Settlement Class Member. The $1,550,000 settlement represents the recovery of 58% of the alleged wages owed to Eligible Settlement Class Members, which is an excellent result.

**The Named Plaintiffs and Their Attorney Support the Settlement**

45.     Plaintiffs' Counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement.

46.     Based on Plaintiffs' Counsel's knowledge of the case and the applicable law, as well as their experience in numerous similar wage and hour collective actions, Plaintiffs' Counsel believe the Settlement is fair and reasonable.

47.     The Named Plaintiffs also approve the terms of the Settlement.

48.     I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Executed this June 22, 2018, Chicago, Illinois.

Douglas M. Werman

Werman Salas P.C.
77 West Washington Street, Ste. 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Zachary Barton and Ethan Forness<br>*Individually and on behalf of all others*<br>*similarly situated*<br><br>                         Plaintiffs,<br><br>     *v.*<br><br>Lancaster Wings, Inc., Lancaster Wings<br>West LLC, Lancaster Wings West II LLC,<br>Lancaster Wings West III LLC, and Larry<br>Tipton<br>                       Defendants. | Case No. 2:2017-cv-00476-ALM-EPD<br><br><br>JUDGE ALGENON L. MARBLEY<br><br><br>MAGISTRATE JUDGE ELIZABETH A.<br>PRESTON DEAVERS |

## DECLARATION OF MICHAEL L. FRADIN

I, Michael L. Fradin, declare as follows:

1.      I am a member in good standing of the Illinois State Bar and Ohio State Bar.  I submit this declaration in support of Plaintiffs' Unopposed Motion for Approval of Settlement, Appointment of Settlement Administrator and Approval of Service Awards and Attorneys' Fees and Costs.

2.      I have personal knowledge of the factual matters set forth in this declaration.

**My Experience**

3.      I graduated from DePaul College of Law, to which I won an academic merit scholarship, in 2006. I received my undergraduate degree from Oberlin College in 2000, where I double-majored in biopsychology and English and was an all-conference baseball player.

4.      I was admitted to practice law in the State of Illinois in 2006 and to practice law in the State of Ohio in 2014.  I have a law office in Skokie, Illinois and an office in Athens, Ohio

1

and I travel between the two locations for hearings, depositions, trials, and client meetings. During the entire course of my legal career, I have practiced primarily in complex, highly contested, and highly challenging litigation and have learned the value of building a strong team in litigating these difficult cases.

5.      My practice now focuses on civil rights and injury cases for plaintiffs and I often take on difficult cases that other lawyers have turned away or will only accept on an hourly basis and some of which result in a net loss for my office.  I have litigated multiple cases through trial and appeals and am a member of the Northern District of Illinois Trial Bar.

6.      I am highly experienced in federal courts in civil rights and employment matters and have been appointed class counsel and am highly competent in class action litigation. and the Fair Labor Standards Act.  (See *Steger v. Life Time Fitness* 14-cv-06056 (N.D. IL) (rule 23 class preliminarily certified), *Robinson v. Ultimate Fitness Group, LLC* 16-cv-10231 (N.D. IL) (FLSA settlement approved), *Wiersema v. Life Time Fitness* 17-cv-01585 (N.D. IL) (FLSA settlement approved), *Rosenbohm v. Cellco Partnership* 17-cv-00731 (S.D. Ohio) (conditional certification pending), *Young v. Rolling in the Dough, Inc.* 17-cv-07825 (N.D. IL) (conditional certification granted).

7.      My office initiated this FLSA collective action and took the financial risk inherent in representing the Plaintiffs on a contingency basis.  I believe I am the only lawyer in Athens, Ohio who represents plaintiffs in class and collective actions and after significant time was spent in meetings, conducting research, and investigating facts, I agreed to represent the Plaintiffs on a contingency-fee basis.

8.      After approximately six months, Douglas Werman, arguably the top plaintiffs' FLSA lawyer in the Midwest, joined me as co-counsel.   I had consulted Doug Werman before

2

on FLSA collective actions after he was highly recommended by a retired Federal Magistrate Judge for co-counseling complex FLSA collective actions. Mr. Werman agreed to co-counsel the case with me on a contingency-fee basis.

**My Lodestar in this Litigation**

9.      Plaintiffs' Counsel exercised prudent billing judgment in delegating the work among attorneys.

10.      As of May 24, 2018, my total lodestar fees are $90,112.50. That represents 200.25 hours at $450.00 per hour.

11.      During the course of the litigation, Plaintiffs' Counsel: (i) interviewed scores of current and former tipped employees employed by Defendants; (ii) drafted and filed an initial and First, Second, and Third Amended Complaints, (iii) served Defendants with multiple sets of written discovery; (iv) reviewed the thousands of pages of documents produced by Defendants and hundreds of thousands of lines of electronic time and pay data for thousands of potential individual Opt-in Plaintiffs and class members; (v) obtained sworn declarations from witnesses to support Plaintiffs' step-one motion for FLSA notice and class certification; (vi) opposed two lengthy and complex motions to dismiss filed by Defendants; interviewed and collected evidence from Opt-In Plaintiffs, (vii) prepared a class-wide damage model, (viii) drafted a mediation statement and participated in two full day, in person mediations in Cleveland, Ohio, and (ix) prepared the class settlement documents.

12.      Plaintiffs' counsel also notes that the loadstar presented above does not take into consideration future time Plaintiffs' Counsel will spend fulfilling their future obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to Plaintiffs' and Settlement Class members'

inquiries. Plaintiffs' Counsel expects these future attorneys' fees to be substantial.

**Reasonable Hourly Billing Rates**

13.     My current billing rate is $450/hr. for Ohio cases and $500/hr. for Illinois cases. Although my practice primarily works on a contingency fee rate, I do sometimes charge clients on an hourly basis and in years past have charged primarily on an hourly basis.  My hourly rate has progressed throughout my legal career at a rate consistent with the billing rate requested here.

14.     Based on the rates awarded by other courts in other wage and hour cases, Class Counsel believes the rates requested by Class Counsel here are within the prevailing market rates for lawyers of Plaintiffs' counsel's experience and expertise.

**The Requested Fee Represents a Modest Multiplier of Plaintiffs' Counsel's Lodestar**

15.     Counsel's requested fee is $516,666.66 and represents a modest 1.46 multiplier of our current loadstar. The amount Plaintiffs' Counsel seeks in attorneys' fees does not take into consideration the time Plaintiffs' Counsel will spend fulfilling our obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to settlement inquiries.

**Litigation Expenses**

16.     My firm has incurred $5,824.33 in litigation costs. These costs include, but are not limited to, the following:  filing fees, travel expenses, and mediation fee.  The expenses incurred are reasonable and their reimbursement should be approved.

**The Settlement Should be Approved**

17.     The settlement in this case easily surpasses the standard for approval. The settlement was the result of careful pre-suit investigation and substantial arm's-length

negotiations. Recognizing the uncertain legal and factual issues involved, the Parties only reached the settlement after private mediation before an experienced mediator.

18. All Eligible Settlement Class Members receive direct cash payments representing a substantial recovery on their unpaid wage claims. There is no initial claims process that can decrease participation in the settlement.

19. The settlement also provides significant compensation to Plaintiffs, without any claims-process that could depress participation. The Settlement Payments range from a minimum payment of $50.00 to a maximum payment of $7,077.71. The net settlement represents an average of $786.95 per Eligible Settlement Class Member. The $1,550,000 settlement represents the recovery of 58% of the alleged wages owed to Eligible Settlement Class Members, which is an excellent result.

20. I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Executed this June 22, 2018, Athens, Ohio.

s/*Michael L. Fradin*
Michael L. Fradin,

Michael L. Fradin, Attorney at Law
8401 Crawford Ave. Ste. 104
Skokie, IL 60076

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Zachary Barton and Ethan Forness<br>*Individually and on behalf of all others<br>similarly situated*<br><br>Plaintiffs,<br><br>*v.*<br><br>Lancaster Wings, Inc., Lancaster Wings<br>West LLC, Lancaster Wings West II LLC,<br>Lancaster Wings West III LLC, and Larry<br>Tipton<br><br>Defendants. | Case No. 2:2017-cv-00476-ALM-EPD<br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE ELIZABETH A.<br>PRESTON DEAVERS |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF
SETTLEMENT, APPOINTMENT OF SETTLEMENT ADMINISTRATOR, AND
APPROVAL OF SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for

Approval of Settlement, Appointment of Settlement Administrator, and Approval of Service

Awards, and Attorneys' Fees and Costs ("Motion for Settlement Approval"). After reviewing the

Motion for Settlement Approval, the supporting Memorandum of Law and exhibits, and the

Declarations of Douglas M. Werman and Michael L. Fradin, the Court finds as follows:

**The Settlement Is Approved**

1.      The Court approves the $1,550,000 collective action settlement and incorporates

by reference all of the definitions contained in the Joint Stipulation of Settlement. A district court

should approve a Fair Labor Standards Act ("FLSA") collective action settlement if it was

reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide*

dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir.

1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Filby v. Windsor Mold USA, Inc.,* 2015 WL 1119732, at *3 (N.D. Ohio March 11, 2015); *Kritzer v. Safelite Solutions, LLC,* 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

2.      Here, the settlement meets the standard for approval. First, there is no doubt that the settlement was the result of vigorously contested litigation. The case was actively litigated by both parties and was only resolved with the assistance of a neutral mediator.

3.      The second prong of the Court's settlement approval inquiry, whether the settlement is a fair and reasonable resolution of a *bona fide* dispute between the parties, is also satisfied.

4.      To determine whether a settlement is "fair and reasonable," courts often analyze the following factors: (1) whether the parties fairly and honestly negotiated the settlement; (2) if serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt; (3) does the value of immediate settlement outweigh the mere possibility of future relief after protracted litigation; and (4) in the judgment of the parties, is the settlement fair and reasonable. *Cannon v. Time Warner NY Cable LLC*, 2015 WL 4498808 (D. Colo. July 24, 2015). After careful review, and for the reasons detailed in the Memorandum of Law, each of these factors is satisfied.

5.      The Court also concludes that a *bona fide* dispute existed between the parties. Defendants denied the material allegations of Plaintiffs' claims and any violation of the FLSA, and they vigorously defended their position throughout the litigation. *Swartz v. D-J Eng'g, Inc*., 2016 WL 633872 (D. Kan. Feb. 17, 2016). The duration and complexity of the litigation undermines any notion that the settlement is a product of collusion, or "that the one entity with a bird's eye view of the proceedings—the district court judge—somehow missed the signs that the

parties were merely engaged in pretense and posturing." *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009).

**The Settlement Procedure Is Approved**

6.    A one-step settlement approval process in FLSA collective actions without Rule 23 classes is appropriate. *See, e.g*., *Cooper v. Winking Lizard, Inc.*, Case 2017 WL 4465759, at *1 (N.D. Ohio Oct. 4, 2017); *Salinas v. U.S. Xpress Enters., Inc.*, 2018 WL 1477127, at *11 (E.D. Tenn. Mar. 8, 2018) (same), *report and recommendation adopted*, 2018 WL 1475610 (E.D. Tenn. Mar. 26, 2018); *Knox v. Jones Grp.* 2017 WL 3834929, at *2 (S.D. Ind. Aug. 31, 2017) (same); *Furman v. At Home Stores LLC*, No. 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017) (same); *Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) (same); *Castillo v. Noodles & Co.*, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016) (same); *Prena v. BMO Fin. Corp.*, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (same). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

**The Service Awards Are Approved**

7.    Service or incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks

incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs. "Numerous courts have authorized incentive awards [as] efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson,* 322 F.3d 895, 897 (6th Cir. 2003); *accord Dillworth v. Case Farms Processing, Inc.,* 2010 WL 776933, at *7 (N.D. Ohio March 8, 2010); *see also Sand v. Greenberg,* 2011 WL 784602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving award in FLSA case because plaintiffs "took risks by putting their names on this lawsuit," including that of "blacklisting").

8.      Here, the two Named Plaintiffs as well as six Opt-in Plaintiffs who provided declarations – Christopher Cannon, Danielle Thorp, Kayla Whitcraft, Kristen Winchers, Mary Katherine Mullen, and Tyler Thorp – actively participated in the litigation and satisfy these factors. First, the Named Plaintiffs provided the factual basis for the lawsuit, reviewed the complaint, provided declarations, attended the mediation, and took substantial actions to protect the interests of potential collective action members. Likewise, the six Opt-in Plaintiffs provided declarations and assisted in the factual development of the case. Second, the Named Plaintiffs undertook a substantial direct and indirect risk by agreeing to file this collective action lawsuit in their own names. Third, the Named Plaintiffs spent a significant amount of time and effort in pursuing this litigation on behalf of the Eligible Settlement Class Members.

9.      For the foregoing reasons, a Service Award of $5,000.00 each are approved for Named Plaintiffs Barton and Forness and Service Awards of $500.00 each are approved for Opt-in Plaintiffs Christopher Cannon, Danielle Thorp, Kayla Whitcraft, Kristen Winchers, Mary Katherine Mullen, and Tyler Thorp.

**Fees and Costs of the Plaintiffs' Attorneys Are Approved**

10.     Plaintiffs' Counsel seek as their attorney's fees one-third of the common settlement fund. There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 F. App' 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both methods. *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993). Courts in this district readily approve the percentage-of-the-fund method and award similar fees to those requested here, including in wage and hour cases. *Kritzer v. Safelite Sols., LLC*, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (awarding 52 percent of maximum settlement fund to counsel in wage and hour case); *Swigart v. Fifth Third Bank*, 2014 WL 3447947, at *6 (S.D. Ohio July 11, 2014) (awarding 33 percent of $4 million settlement fund in wage and hour case); *see also Moore v. Aerotek, Inc.*, 2017 WL 2838148, at *6 (S.D. Ohio June 30, 2017), *report and recommendation adopted,* No. 2017 WL 3142403 (S.D. Ohio July 25, 2017) ("Fee awards in common fund cases generally are calculated as a percentage of the fund created, with the percentages awarded typically ranging from 20 to 50 percent of the common fund created."); *Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc.*, 2017 WL 5247538, at *5-*6 (S.D. Ohio Nov. 13, 2017) (awarding one-third of $450,000 fund).

11.     To assist the Court in determining whether the requested fee is reasonable, the Sixth Circuit has identified the following factors: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Castillo v. Morales,*

*Inc.*, 2015 WL 13021899, at *6 (S.D. Ohio Dec. 22, 2015) (citing, among others, *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974)). As explained below, each of these factors weighs strongly in favor of the reasonableness of the requested fee.

### Value of Benefit Rendered to Eligible Settlement Class Members

12.     The Settlement provides that all Eligible Settlement Class Members will receive direct cash payments representing a substantial recovery on their unpaid wage claims. There is no initial claims process that can dramatically decrease participation in the settlement. *See Castillo*, 2015 WL 13021899, at *6 (noting, with concern, that the claims process in wage and hour settlement resulted in only 14 percent of eligible participants opting into the settlement). "Further, the settlement provides relatively early relief to [collective action] members, and it eliminates the additional risks the parties would otherwise bear if this litigation were to continue. Absent settlement, the parties would have engaged in discovery from individual opt-in plaintiffs, of electronically-stored information, and a potential motion to decertifiy the collective, and dispositive motions on merits and damages issues." *Swigart,* 2014 WL 3447947, at *6. Instead of the risks of continued litigation, the gross Settlement provides Eligible Settlement Class Members 57% of their alleged owed wages, which is well above the average recovery in FLSA lawsuits. *Dillworth v. Case Farms Processing, Inc.,* No. 5:08-cv-1694, 2010 WL 776933, at *8 (N.D. Ohio March 8, 2010) (finding that a recovery of one-third of the owed wages for class members, before deducting attorney's fees and costs, is "well above" average).

### Society's Interest in Rewarding Attorneys

13.     There is no doubt that "society certainly has an interest in incentivizing attorneys to assist in combatting illegal nonpayment of wages." *Castillo*, 2015 WL 13021899, at *6 (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)). Plaintiffs' counsel took on this matter

to protect the rights of low-wage tipped employees and litigated for nearly a year against experienced defense counsel. This factor supports awarding the requested fees to encourage qualified attorneys to fight for workers' unpaid wages.

**Contingent-Fee Agreement**

14.     Plaintiffs' Counsel undertook the representation on a purely contingent basis. Thus, Counsel has borne all of the risk that accompanies contingent-fee representation, including the prospect that the investment of substantial attorney time and resources would be lost. Counsel should be compensated for this risk. *Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 796 (N.D. Ohio 2010); *see also Crosby v. Bowarter Inc. Ret. Plan,* 262 F. Supp. 2d 804, 814 (W.D. Mich. 2003) ("contingency serves to justify the higher fee"). "There is a public interest in ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others like them will continue to take on such cases." *Connectivity Sys. Inc. v. Nat'l City Bank,* 2011 WL 292008, at *14 (S.D. Ohio Jan. 25, 2011).

**Value of Services Rendered on an Hourly Basis**

15.     The lodestar figure may be used to confirm the reasonableness of the percentage-of-the-fund award. *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). A percentage-of-the-fund attorneys' fee award is reasonable when it amounts to between two and three times the loadstar attorneys' fees incurred by the plaintiffs' counsel. *See Thorn v. Bob Evans Farms, Inc.*, No. 2:12-CV-00768, 2016 WL 8140448, at *3 (S.D. Ohio Feb. 26, 2016) (2.01 multiplier of counsel's loadstar); *Castillo*, 2015 WL 13021899, at *7 (2.5 multiplier of counsel's lodestar); *Swigart,* 2014 WL 3447947, at *6 (2.57 multiplier of counsel's lodestar).

16.     In the Memorandum of Law, Plaintiffs' Counsel provided the Court a summary of the billable time (and reasonable hourly rates), that they incurred in litigating this FLSA

collective action.

17.     Plaintiffs' Counsel's lodestar is through June 21, 2018 and does not account for the time Plaintiffs' Counsel will expend fulfilling their obligations in the Settlement, monitoring the administration of the Settlement, and responding to Eligible Settlement Class Members' inquiries.

18.     Based on the materials submitted by Plaintiffs' Counsel, the Court concludes that the total of 857.38 hours that Plaintiffs' Counsel expended on the litigation is reasonable.

19.     Under the lodestar method, for purposes of determining a reasonable attorney's fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 896, 895 (1984).

20.     Generally, the "prevailing market rate [is] defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004) (citing *Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343, 350 (6th Cir.2000)). There is, however, an exception to the general rule that the prevailing market rates of the local community govern the lodestar analysis, and, in this circuit, the exception is known as the "out-of-town specialist." *See Hadix v. Johnson,* 65 F.3d 532, 535 (6th Cir.1995) (citing *759 Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 768–69 (7th Cir.1982)); *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) ("District courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases."). Attorneys who specialize in particular fields tend to charge more for their services and tend to be found in larger cities where the cost of litigation is more expensive. *See Chrapliwy,* 670 F.2d at 769 (emphasis added). When fees are sought for an "out-of-town

specialist," "courts must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix,* 65 F.3d at 535 (citing *Chrapliwy,* 670 F.2d at 768–69).

21.     Here, it was reasonable for Plaintiffs to retain counsel from outside of the local community. "Plaintiffs' Counsel are known and recognized lawyers in wage and hour litigation, and have an excellent national reputation in representing tipped employees in this type of case." *Osman, et al. v. Grube, Inc*., et al. No. 316CV00802JJHCOMPLEX, 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018).[1] Courts recognize Plaintiffs' Counsel as leaders in advocating the rights of such workers throughout the United States. *Knox v. Jones Grp.*, No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017) (describing Werman Salas P.C. "as national leaders in advocating the rights of working people in wage and hour litigation."); *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017) (same); *Mouloki v. Epee,* No. 14 C 5532, 2017 WL 2791215, at * 3, n. 4, (N.D. Ill. June 27, 2017) (describing Douglas M. Werman as a "highly respected and experienced

---

[1]     *See, e.g.*, *Driver v. AppleIllinois, LLC*, No. 06-cv-6149 (N.D. Ill.); *Schaefer v. Walker Bros. Enter. Inc.*; *Romero v. Top-Tier Colorado, LLC*, No. 16-1057 (10th Cir.); *Fast v. Applebee's Inter. Inc.*, Nos. 10–1725, 10–1726 (8th Cir.); *Cope v. Let's Eat Out, Inc.*, No. 6:16-cv-03050 (W.D. Mo.); *McLamb v. High 5 Hospitality*, No. 16-0039 GMS (D. Del.); *Greenwell v. R. Wings R. Wild, LLC*, No. 4:15-cv-00742-DPM (E.D. Ark.); *Barnhart v. Chesapeake Bay Seafood House Assoc., LLC*, No. JFM-16-01277 (D. Md.); *Stokes v. Consol. Wings Inv., LLC*, No. 1:15-cv-01932-RLY-DKL (S.D. Ind.); *Roy v. JK&T Wings, Inc.*, No. 4:16-cv-10836-TSH (D. Mass.); *Knox v. The Jones Grp.*, No. 15-cv-1738 SEB-TAB (S.D. Ind.); *Ide v. Neighborhood Rest. Partners, LLC,* No. 1:13-cv-00509-MHC (N.D. Ga.); *Robbins v. Blazin Wings, Inc.*, No. 15-06340 (W.D.N.Y.); *Grosscup v. KPW Mgmt., Inc.*, No. 16-cv-6501 (N.D. Ill.); *Soto v. Wings R' Us Romeoville, Inc.*, No. 15-cv-10127 (N.D. Ill.); *Black v. P.F. Chang's China Bistro, Inc.*, No. 16-cv-3958 (N.D. Ill.); *Johnson v. Pinstripes, Inc.*, No. 12 C 1018 (N.D. Ill.); *Cureless v. Great Am. Real Food Fast, Inc.*, No. 3:10–cv–00279–JPG–SCW (S.D. Ill.); *Clark v. Honey Jam Café, LLC*, No. 11 C 3842 (N.D. Ill.); *Cooper v Winking Lizard, Inc.*, 1:16-cv-01513-DAP (N.D. Ohio).

lawyer[]" in "wage and hour cases."); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (Castillo, J.) (recognizing Douglas M. Werman as a "highly experienced attorney" in wage and hour class actions).

22.     Plaintiffs' Counsel Douglas Werman provided a declaration to establish that the hourly rates his firm requests are the rates his firm also charges to hourly paying clients, have been awarded by other courts, and are otherwise justified by their experience. *See Sanchez v. Roka Akor Chicago LLC*, No. 14-cv-4645, 2017 WL 1425837, at *5 (N.D. Ill. Apr. 20, 2017) (awarding professional and administrative staff of Werman Salas P.C. the same rates they seek in this case). Likewise, Michael Fradin provided a declaration to establish the hourly rate he has requested.

23.     Based on the reasonable hours expended by Plaintiffs' Counsel and their reasonable hourly rates, Plaintiffs' Counsel's loadstar in this case is $354,350.85.

24.     Because one-third of the $1,550,000 Settlement fund (or $516,666.66) is a 1.46 multiplier of Plaintiffs' Counsel's loadstar, the fee is reasonable. *See Thorn*, No. 2:12-CV-00768, 2016 WL 8140448, at *3 (2.01 multiplier of counsel's loadstar); *Castillo*, 2015 WL 13021899, at *7 (2.5 multiplier of counsel's lodestar); *Swigart*, 2014 WL 3447947, at *6 (2.57 multiplier of counsel's lodestar).

### Plaintiffs' Litigation Expenses

25.     Plaintiffs' Counsel's request for reimbursement of $12,412.27 in actual out-of-pocket expenses incurred in prosecuting this case, including filing fees, pro hac vice fees, postage, travel expenses, mediation fees, and copying costs. The Court finds these costs to be reasonably incurred.

**Settlement Administrator's Fees**

26.     The Court also approves the appointment of Rust Consulting to administer the settlement and approves $14,000.00 for its fees in administering the Settlement.

**Dismissal and Post-Judgment Procedure**

27.     The Court orders that this case be dismissed without prejudice as of the date of this Order. The dismissal without prejudice will convert to a dismissal with prejudice without further action of the Court 210 days after the entry of this Order on the docket.

28.     The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Joint Stipulation, including for overseeing the distribution of settlement funds.

29.     The parties shall abide by all terms of the Joint Stipulation of Settlement, which are incorporated herein, and this Order.

It is so ORDERED this ___ day of _____, 2018

_____
Hon. Algenon L. Marbley
United States District Judge

11